**07-4483-cr (L)**
**USA v. Muse (Hussein)**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

—————————————————

August Term, 2010

(Argued: October 21, 2009          Decided: March 11, 2010)

Docket  Nos.  07-4483-cr  (L);  07-4539-cr
(Con); 07-5067-cr (Con); 07-5068-cr (XAP)

—————————————————

UNITED STATES OF AMERICA,

*Appellee-Cross-Appellant*,

—v.—

ALI AWAD, ABDI EMIL MOGE, ABDULAHI HUSSEIN,

*Defendants-Appellants-Cross-Appellees*,

BASHI MUSE, OSMAN OSMAN, ABDINUR AHMED
DAHIR, ALI DUALEH, OMER ALI ABDIRIZAH,
MOHAMED AHMED, SAEED BAJUUN, SOFIA ROBLES,
ISSE ALI SALAD, HASSAN SADIQ MOHAMED,LIBAN
HASHI, BASHIR AHMED, MOHAMED ALI, AHMED
ISMAIL, AHMED SHERIF HASHIM, MAXAMED
ABSHAR, ABSIR AHMED, LIBAN ABDULLE,
ISMACIIL GEELE, MOHAMED ABDILLAHI MOHAMED,
ISMAIL ALI MOHAMED, MOHAMED SHIREH, DEKO
OHERSI, ABDUL HERSI, WELI MOHAMED ABDI,
WARFA ABDI DIRIE, HASSAN YUSUF, MAHAMUD
AFDHUB, WARSAME GULED, ISSE ABDIWAAB,
YOUNAS HAJI, MOHAMED MOHAMED, ABDIAZIS
SALEH MOHAMED, OMAR OSMAN MOHAMED,

*Defendants*,

MOHAMED JAMA, AHMED M. EGAL, DAHIR
ABDULLE SHIRE, MUHIDIN MOHAMED,

*Defendants-Appellants.*

---

Before: WALKER, CALABRESI, and WESLEY, *Circuit Judges*.

Appellants Ali Awad and Abdi Emil Moge appeal from an Opinion and Order of the District Court for the Southern District of New York (Cote, J.), entered on October 24, 2007, ordering criminal forfeitures against them pursuant to 21 U.S.C. § 853. We hold, consistent with the other courts of appeal that have considered this issue, that the imposition of the forfeiture orders was proper. We therefore affirm.

AFFIRMED.

---

MICHAEL HUESTON, New York, New York, *for Defendant-Appellant-Cross-Appellee Awad.*

ROBERT J. BOYLE, New York, New York, *for Defendant-Appellant-Cross-Appellee Moge.*

DANIEL L. STEIN, ANJAN SAHNI and JESSE M. FURMAN, Assistant United States Attorneys, United States Attorneys Office for the Southern District of New York, *for Preet Bharara*, United States Attorney, Southern District of New York, *for Appellee-Cross-Appellant United States of America.*

---

PER CURIAM:

Appellants Ali Awad and Abdi Emil Moge were tried

-2-

before a jury as alleged participants in a criminal conspiracy to distribute and possess with intent to distribute a controlled substance, namely mixtures and substances containing a detectable amount of cathinone, a Schedule I controlled substance, in a form commonly known as khat. Appellant Awad was convicted of conspiracy to distribute and possess with intent to distribute cathinone, in violation of 21 U.S.C. § 846, and conspiracy to import cathinone, in violation of 21 U.S.C. § 963. Appellant Moge was convicted of conspiracy to distribute and possess with intent to distribute cathinone, in violation of 21 U.S.C. § 846, conspiracy to import cathinone, in violation of 21 U.S.C. § 963, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).[1] The district court also entered forfeiture orders against appellants Awad and Moge

---

[1] In this opinion, we resolve only the propriety of the forfeiture orders entered by the district court pursuant to 21 U.S.C. § 853(a). On appeal, appellants raise a host of other challenges to their convictions and sentences. The government cross-appeals with respect to the sentences imposed on appellants Moge, Awad and Hussein. Except for our resolution of the propriety of the forfeiture orders, we resolve all of the challenges to appellants' convictions and sentences in a separate summary order filed today. That summary order pertains to docket number 07-4483-cr (L) and all associated cases.

under 21 U.S.C. § 853(a).[2]  We hold that the district court properly imposed forfeiture money judgments as part of appellants' sentences and that the propriety of an order imposed pursuant to 21 U.S.C. § 853(a) does not depend on a defendant's assets at the time of sentencing.

**BACKGROUND**

In the fall of 2005, law enforcement officers, led by the Drug Enforcement Administration (the "DEA"), began an investigation into a network of people involved in the importation and distribution of khat plants in the United States.  The investigation resulted in dozens of seizures of khat plants.  Khat leaves are chewed for their stimulant effect, but khat itself is not a controlled substance.  Rather, cathinone, a constituent of the khat plant, is a Schedule I controlled substance.[3]  *United States v. Abdulle,*

---

[2] Although he did not brief the issue before this Court, pursuant to Federal Rule of Appellate Procedure 28(I), appellant Moge has joined the arguments of his co-appellants that apply to him.  The district court entered a forfeiture order against Moge.  Therefore, to the extent that he appeals that order, this opinion also applies to him.

[3] As the district court acknowledged, when the khat plant is cut, the cathinone begins to degrade.  *See United States v. Awad,* No. 06-CR-600 (DLC), 2007 WL 1988382, at *1-2 (S.D.N.Y. July 3, 2007); *see also United States v. Hassan,*

-4-

564 F.3d 119, 125 (2d Cir. 2009).  Cathinone is a central nervous system stimulant, and Schedule I criminalizes its possession in "any quantity."  21 C.F.R. § 1308.11(f)(3).

Prior to sentencing, the district court conducted an evidentiary hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), to determine, among other things, the amount of khat attributable to each defendant for purposes of calculating his offense level under the United States Sentencing Guidelines.  *United States v. Awad*, No. 06-CR-600 (DLC), 2007 WL 3120907, at *1 (S.D.N.Y. Oct. 24, 2007).  At this time, the government submitted a proposed forfeiture order against appellant Awad in the amount of $10,000,000 and a proposed order against appellant Moge in the amount of $9,458,000.  The government calculated the proposed forfeiture orders "by multiplying the drug quantities it had argued were attributable to each defendant

---

578 F.3d 108, 114 (2d Cir. 2008).  In another case involving cathinone, expert testimony was offered to explain that "cathinone is present in khat for forty-eight hours after harvesting, at which point the chemical weakens and eventually dissipates entirely."  *United States v. Abdulle*, 564 F.3d 119, 124 (2d Cir. 2009).  In this case, forensic chemists testified that all but one of the seized shipments of khat tested positive for cathinone.

by the street value of khat." *Id.* At the October 5, 2007 sentencing hearing, the district court imposed a forfeiture order in the amount of $10,000,000 as to Awad and $4,646,000 as to Moge. *Id.* at *2.

Awad and Moge challenged the imposition of the forfeiture orders before the district court. *Id.* As characterized by the district court, appellants argued that a defendant "in a drug case [is] not subject to forfeiture in the form of a money judgment, where the defendant does not . . . have assets to satisfy the money judgment" at the time of sentencing. *Id.* at *1. The district court rejected this contention and held that "forfeiture orders can be entered under 21 U.S.C. § 853 in drug cases regardless of the defendant's assets at the time of sentencing." *Id.* The court also rejected Awad's challenge to the amount of the forfeiture order, determining that it was "supported by the preponderance of the evidence."[4] *Id.*

---

[4] Focusing solely on the propriety of the imposition of the forfeiture order, appellant Awad does not appear to challenge the amount of the order before this Court. In a footnote to his brief, appellant Moge does contend that the district court erred in its determination of the amount of khat attributable to him and that, therefore, the order should be vacated. We find that the district court

**DISCUSSION**

The criminal forfeiture statute provides that an individual convicted of a drug offense "punishable by imprisonment for more than one year shall forfeit to the United States . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). We join our sister courts of appeal in holding that § 853 permits imposition of a money judgment on a defendant who possesses no assets at the time of sentencing. *See United States v. Vampire Nation*, 451 F.3d 189, 201-02 (3d Cir. 2006); *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000).

This interpretation is in accord with the statute's language and with its purpose. *See* 21 U.S.C. § 853(o). Indeed, the statutory text at issue makes it "clear that Congress conceived of forfeiture as punishment for the

committed no error in this regard. *See United States v. Fruchter*, 411 F.3d 377, 380 (2d Cir. 2005).

commission of various drug . . . crimes." *Casey*, 444 F.3d at 1073 (quoting *Libretti v. United States*, 516 U.S. 29, 39 (1995)); *see also Hall*, 434 F.3d at 59.

As the district court reasoned, when "a defendant lacks the assets to satisfy the forfeiture order at the time of sentencing, the money judgment . . . is effectively an *in personam* judgment in the amount of the forfeiture order." 2007 WL 3120907, at *2; *accord Vampire Nation*, 451 F.3d at 202. This is so because "[m]andatory forfeiture is concerned not with how much an individual has but with how much he received in connection with the commission of the crime." *Casey*, 444 F.3d at 1077. A contrary interpretation could have the undesirable effect of creating an incentive for an individual involved in a criminal enterprise to "rid[] himself of his ill-gotten gains to avoid the forfeiture sanction." *Hall*, 434 at 59.

Notwithstanding appellants' arguments to the contrary, this Court's decision in *United States v. Robilotto*, 828 F.2d 940 (2d Cir. 1987), supports our view. In *Robilotto*, in the context of interpreting the RICO forfeiture provision, 18 U.S.C. § 1963, we concluded that the statute

"imposes forfeiture directly on an individual as part of a criminal prosecution rather than in a separate proceeding *in rem*." 828 F.2d at 948 (internal quotation marks omitted). In other words, the forfeiture constitutes "a sanction against the individual defendant rather than a judgment against the property itself." *Id.* Consequently, criminal forfeiture need not be traced to identifiable assets in a defendant's possession. *Id.* at 949. The same is true in this context.[5] In fact, this Court has previously noted that the statutory provision governing forfeitures under RICO and criminal forfeiture orders imposed pursuant to § 853 "are so similar in legislative history and plain language as to warrant similar interpretation." *DSI Assoc. LLC v. United States*, 496 F.3d 175, 183 n.11 (2d Cir. 2007) (quoting *United States v. Ribadeneira*, 105 F.3d 833, 835 n.2 (2d Cir. 1997)).

The statute at issue in this case instructs that we interpret its terms "liberally." 21 U.S.C. § 853(o). As

---

[5] We are aware of the thorough discussion and contrary interpretation advanced in *United States v. Surgent*, No. 04-CR-364 (JG) (SMG), 2009 WL 2525137 (E.D.N.Y. Aug. 17, 2009), upon which appellant Awad relies heavily. In the end, however, we find it unpersuasive.

the district court and other courts of appeal that have addressed this issue have reasoned, section 853 "does not contain any language limiting the amount of money available in a forfeiture order to the value of the assets a defendant possesses at the time the order is issued." *Vampire Nation*, 451 F.3d at 201; *accord Baker*, 227 F.3d at 970. Thus, our interpretation of the criminal forfeiture provision "ensur[es] that all eligible criminal defendants receive the mandatory forfeiture sanction Congress intended" and ensures that there is a mechanism by which the government may "disgorge their ill-gotten gains, even those already spent." *Casey*, 444 F.3d at 1074.

## CONCLUSION

We have reviewed all of appellants' arguments and find them to be without merit. Accordingly, for the foregoing reasons, the district court's opinion and order of October 24, 2007, holding that a defendant who is convicted of a violation under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, punishable by a term of imprisonment of more than a year, is subject to the forfeiture provision of 21 U.S.C. § 853, irrespective of his assets at the time of sentencing, is hereby AFFIRMED.