08-3374-cr
U.S. v. Kalish

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2010

Heard:  October 19, 2010                    Decided: November 24, 2010

Docket Nos. 08-3374-cr (Lead) 09-4978-cr (Con)

- - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,
     Appellee,

          v.

LEONARD KALISH,
     Defendant-Appellant.
- - - - - - - - - - - - - - - - - -

Before: NEWMAN, WINTER and LYNCH,  Circuit Judges.

Appeal from the November 24, 2009, final order of forfeiture of the United States District Court for the Southern District of New York (Robert P. Patterson, District Judge).  Appellant primarily challenges the entry of a personal money judgment for the forfeiture amount and the imposition of unadjusted amounts for both forfeiture and restitution.

Affirmed.

>                         Herald Price Fahringer, New York, N.Y.
>                           (Erica T. Dubno, Fahringer & Dubno, New
>                           York, N.Y.; Martin B. Adelman, New
>                           York, N.Y., on the brief), for
>                           Defendant-Appellant.
>
>                         Michael A. Levy, Asst. U.S. Atty., New
>                           York, N.Y. (Preet Bharara, U.S. Atty.,
>                           New York, N.Y., on the brief), for
>                           Appellee.

JON O. NEWMAN, Circuit Judge.

This opinion concerns issues relating to remedies of forfeiture and restitution in a criminal case. The principal issues are whether a money judgment may enter with respect to a forfeiture order, and the relationship, if any, between forfeiture and restitution amounts. These matters arise on an appeal by Leonard Kalish from the November 24, 2009, final order of forfeiture of the United States District Court for the Southern District of New York, (Robert P. Patterson, District Judge). Kalish was convicted of mail and wire fraud offenses arising out of a scheme to defraud victims of money paid as up-front fees to obtain commercial loans. The convictions are affirmed in a summary order filed this date. With respect to the forfeiture and restitution remedies, we conclude that a money judgment was properly entered for the amount of the forfeiture, that both the forfeiture and the restitution remedies were properly imposed, and that, while there may arise a subsequent claim to have the forfeiture amount reduced by any amounts of restitution actually paid, any such reduction is not available at this time. We therefore affirm the final order of forfeiture.

## Background

The fraudulent scheme for which Kalish was convicted involved the making of false and misleading statements to applicants for commercial loans. Kalish's firm, The Funding Solutions, Inc. ("TFS") collected

an advance fee from loan applicants and promised that the fee would be refundable if TFS did not obtain a loan commitment for the customer from one of the several private investors with whom TFS claimed to work. In fact, the fee became nonrefundable upon TFS's procurement of merely a loan proposal. During the conspiracy period from 2000 to 2006, TFS collected millions of dollars in advance fees and was successful in obtaining loans for only five of its numerous customers.

After a jury found Kalish guilty of wire and mail fraud offenses, the District Court imposed a sentence that included three years' imprisonment and restitution in the amount of $1,199,239. The District Court also entered a preliminary order of forfeiture calling for entry of a forfeiture money judgment against Kalish in the amount of $8.4 million as part of his criminal sentence. The order allowed Kalish 30 days to dispute the amount. The $8.4 million represented the total of all advance fees collected by TFS, less the fees paid by the five customers for whom TFS obtained loans. The preliminary order also provided that all of Kalish's interests in three identified items of property were forfeited to the United States. These properties were a Lehman Brothers account, a 2003 Mercedes, and a 2004 Land Rover.

After considering Kalish's dispute about the amount of the forfeiture, the propriety of a money judgment, and the absence of an offset of the forfeiture amount against the restitution amount, the

District Court reduced the forfeiture amount by $4,449,920, representing the amount of commissions TFS paid its employees (not counting the commissions paid with respect to the five customers who obtained loans).  The Court rejected the challenge to entry of a money judgment and the claim to have the forfeiture amount offset against the restitution amount.  The final forfeiture amount was $3,950,080.

## Discussion

Kalish challenges the final order of forfeiture on three grounds: the amount was improperly determined, a money judgment should not have been entered, and the forfeiture amount should have been offset against the restitution amount.

I. The Forfeiture Amount

(a)  <u>Inclusion of fees collected from all victims.</u>  Kalish first challenges the forfeiture amount because it is based on the amount of advance fees collected from all customers of TFS, except only the five for whom loans were obtained.  He points out that only a few customers testified that false promises had been made to them and that TFS made considerable efforts to obtain loans for many customers, even though these efforts were unsuccessful.

A District Court must find by a preponderance of the evidence that the amount of money or property to be forfeited was derived from proceeds traceable to the fraud.  <u>See</u> <u>United States v. Fruchter</u>, 411 F.3d 377, 383 (2d Cir. 2005).  We apply the clearly erroneous standard

-4-

when reviewing that finding. See United States v. Sabhnani, 599 F.3d 215, 261 (2d Cir. 2010).

In view of the abundant evidence that false promises were routinely made to TFS customers to induce them to pay the up-front fees, the District Court's decision to base the forfeiture amount on all of the unsuccessful customers will not be disturbed. There was also ample evidence to support the District Court's decision that the funds used to obtain the specific forfeited properties were traceable to the funds obtained from the fraudulent scheme.

(b) Inclusion of fees collected before August 23, 2000. Kalish next contends that the forfeiture order violates the Ex Post Facto Clause to the extent that it is based on fees collected before August 23, 2000, the date the forfeiture statute, 28 U.S.C. § 2461(c), became effective. See 8 U.S.C.A. § 1324 note, Effective and Applicability Provisions (making section 2461 applicable to any forfeiture proceeding commenced 120 days after April 25, 2000, effective date of section 1324).

However, criminal punishments may be applied to conduct occurring before enactment of a statutory provision as long as the conduct continued after enactment. See United States v. Baresh, 790 F.2d 392, 404 (5th Cir. 1986); United States v. Borelli, 336 F.2d 376, 386 n.5 (2d Cir. 1964); see also United States v. Minicone, 960 F.2d 1099, 1111 (2d Cir. 1992) (applying same principle to Sentencing

-5-

Guidelines). Since Kalish's criminal conduct continued well past August 23, 2000, the forfeiture order did not violate the Ex Post Facto Clause.

II. Entry of a Money Judgment.

Kalish next contends that the District Court lacked the authority to enter a personal money judgment against him for the amount of the property to be forfeited. His argument relies heavily on United States v. Surgent, No. 04-CR-364, 2009 WL 2525137 (E.D.N.Y. Aug. 17, 2009), an opinion that—since this case was briefed—we rejected in United States v. Awad, 598 F.3d 76, 79 n.5 (2d Cir. 2010) ("We are aware of . . . Surgent . . . . In the end, however, we find it unpersuasive.").

In Awad we held that "[21 U.S.C.] § 853 permits imposition of a money judgment on a defendant who possesses no assets at the time of sentencing." Id. at 78. We thereby joined in the unanimous view of the other circuits that have considered this question. United States v. Vampire Nation, 451 F.3d 189, 201-03 (3d Cir. 2006); United States v. Casey, 444 F.3d 1071, 1077 (9th Cir. 2006); United States v. Hall, 434 F.3d 42, 59 (1st Cir. 2006); United States v. Baker, 227 F.3d 955, 970 (7th Cir. 2000). Here, the Government sought forfeiture under 28 U.S.C. § 2461(c), which incorporates the procedures laid out in section 853. We discern no meaningful difference between the propriety of an in personam money judgment arising directly under 21

-6-

U.S.C. § 853, which we upheld in <u>Awad</u>, and the propriety of an <u>in personam</u> money judgment under 21 U.S.C. § 853 by way of 28 U.S.C. § 2461(c), which is at issue here.

We therefore conclude that the District Court had the authority to enter a personal money judgment against Kalish for his violation of the mail and wire fraud statutes.

Kalish also contends that the indictment gave him inadequate notice of the Government's intention to seek a money judgment. We also reject this claim because, as the District Court pointed out, the indictment's listing "United States currency representing the amount of proceeds obtained as a result of the charged fraud" among the items to be forfeited effectively provided notice that a money judgment would be sought.

III. Rejection of an "offset" for the restitution amount.

Finally, Kalish contends that the District Court erred "by not offsetting the forfeiture amount by the restitution" ordered by the District Court. Br. for Appellant at 81. It is not clear whether Kalish means that the restitution amount should have been reduced by the forfeiture amount or that the forfeiture amount should have been reduced by the restitution amount.[2] The District Court understood

---

[2]"[O]ffsetting the forfeiture amount" seems to imply using that sum to reduce some other amount, presumably the restitution amount. On the other hand, "offsetting . . . by the restitution" seems to

Kalish to mean reducing the restitution amount by the forfeiture amount and rejected the claim.

The Seventh Circuit has explicitly rejected a defendant's entitlement to have a forfeiture amount offset against a restitution amount. United States v. Emerson, 128 F.3d 557, 566-68 (7th Cir. 1997); but see United States v. Barnette, 902 F. Supp. 1522, 1531 (M.D. Fla. 1995). The Third Circuit has ruled that separate restitution and forfeiture amounts do not constitute multiple punishments that would violate the Double Jeopardy Clause, see United States v. Various Computers & Computer Equipment, 82 F.3d 582, 585-89 (3d Cir. 1996), and the Ninth Circuit has ruled that such amounts do not violate the Eighth Amendment, see United States v. Feldman, 853 F.2d 648, 663-64 (9th Cir. 1988).

We see no infirmity in the District Court's imposition of both a forfeiture remedy and a restitution remedy. These remedies are authorized by separate statutes, and their simultaneous imposition offends no constitutional provision. We recognize, however, that once some payment has been made by way of restitution, a defendant would be

_____

imply that the restitution amount is to be subtracted from some other amount, presumably the forfeiture amount. In United States v. Emerson, 128 F.3d 557 (7th Cir. 1997), the claim was "to offset the amount of restitution against the value of the forfeited property." Id. at 566 (emphasis added).

-8-

in a position to argue that such a payment should be a credit against any then remaining forfeiture amount. The forfeiture amount represents "ill-gotten" gains, see Emerson, 128 F.3d at 566; Various Computers, 82 F.3d at 588, and it is at least arguable that any money returned to a victim has reduced the amount of "ill-gotten" gains remaining in the defendant's possession. In the absence of any claim that Kalish has made any restitution payment, however, we need not decide whether such an argument would prevail.[3]

## Conclusion

The District Court's final order of forfeiture is affirmed.

---

[3]At oral argument, the Government informed us that a victim may apply to the Department of Justice to receive restitution out of any money that a defendant pays to the United States by way of forfeiture, and suggested that if the Government honored such an application, a victim could not then collect again from the defendant.