08-5843-cr (L)
USA v. Capoccia

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO
A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S
LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH
THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING
A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY
COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 7th day
of December, two thousand ten.

Present:
      JON O. NEWMAN,
      GUIDO CALABRESI,
      ROBERT A. KATZMANN,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

           *Appellee*,

               v.                                    Nos.  08-5843-cr (L), 09-1649-cr
                                                     (Con), 09-3630-cr (Con)

ANDREW CAPOCCIA,

           *Defendant-Appellant*,

HOWARD SINNOTT, THOMAS J. DALY, SHIRLEY
DINATALE, RODGER KOLSKY, CAROL CAPOCCIA,
CARLO SPANO,

           *Defendants*.

_____

For Defendant-Appellant:            STEPHANIE M. CARVLIN, New York, NY

For Appellee: CAROL L. SHEA, Assistant United States Attorney, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the amended preliminary order of forfeiture is **AFFIRMED**.

In this appeal, Defendant-Appellant Andrew Capoccia challenges several aspects of the district court's August 19, 2009 amended preliminary order of forfeiture (the "Amended Forfeiture Order"). We assume the parties' familiarity with the facts and procedural history of this case, including our previous opinion vacating in part the district court's earlier forfeiture order, *United States v. Capoccia*, 503 F.3d 103 (2d Cir. 2007), and the further proceedings held by the district court following remand. In considering Capoccia's various challenges to the Amended Forfeiture Order, "[w]e review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Gaskin*, 364 F.3d 438, 462 (2d Cir. 2004).

*First*, Capoccia argues that the district court erred by ordering him to forfeit proceeds that never were directly "obtained" by Capoccia, his assignees, or his co-conspirators, as required by the applicable forfeiture statutes. Capoccia's contentions founder upon what we take to be the operative statutory definition of the term "proceeds": namely, that the assets subject to forfeiture are not limited to those that are personally or directly obtained. Rather, the "proceeds" subject to forfeiture consist in relevant part of "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto." 18 U.S.C. § 981(a)(2)(A). Thus, property need not be personally or directly in the possession of the defendant, his assignees, or his co-conspirators in order to be subject to

2

forfeiture. We find no basis to disturb the district court's finding that the assets listed in the Amended Forfeiture Order were, at the very least, property traceable to the property obtained directly or indirectly as a result of the offenses for which Capoccia was convicted, and therefore fall within the statute's broad definition of "proceeds."

*Second*, Capoccia contends that the district court lacked statutory authorization to award an *in personam* money judgment in this case. We recently rejected an identical argument in *United States v. Kalish*, — F. 3d —, 2010 WL 4751759 (2d Cir. Nov. 24, 2010), where we held that the same set of forfeiture statutes that apply to the case at bar authorized the imposition of a money judgment, *id.* at *3. *Kalish* controls here, and the district court's award of a money judgment was therefore proper.

*Third*, Capoccia claims that the district court was not authorized to order the forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p). According to Capoccia, while the pertinent criminal forfeiture statute — 28 U.S.C. § 2461(c) — incorporates the forfeiture "procedures" of the Controlled Substances Act that are codified in 21 U.S.C. § 853, it does not incorporate the provision for forfeiture of substitute property codified in subsection (p) of § 853, which Capoccia contends is a "substantive" rather than "procedural" aspect of § 853. This argument runs counter to our precedents. In *United States v. Awad*, 598 F.3d 76 (2d Cir. 2010) (per curiam), we held that money judgments may be imposed with respect to forfeiture orders entered under § 853, *id.* at 78, even though § 853 does not "specifically authorize[]" the imposition of such judgments, *United States v. Day*, 524 F.3d 1361, 1377 (D.C. Cir. 2008). In *Kalish*, we extended *Awad*'s holding to forfeiture orders entered pursuant to § 2461(c), concluding that there was "no meaningful difference between the propriety of an *in personam* money judgment arising

3

directly under 21 U.S.C. § 853, which we upheld in *Awad*, and the propriety of an *in personam* money judgment under 21 U.S.C. § 853 by way of 28 U.S.C. § 2461(c), which is at issue here." *Kalish*, 2010 WL 4751759, at *3. Thus, given our holding that the reference in § 2461(c) to the "procedures" of § 853 includes the latter statute's implicit authorization of *in personam* money judgments, we see no reason why this reference should not also include the forfeiture of substitute assets.

*Fourth*, Capoccia claims that the district court erred by including within the Amended Forfeiture Order proceeds attributable to conduct alleged in the conspiracy count, given that some of the overt acts listed in that conspiracy count were not specifically identified in the substantive counts of conviction. He concedes that this argument, which he did not raise below, is reviewable only for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731, 735 (1993). We discern no error, far less plain error, in the district court's conclusion that the transactions covered by the conspiracy count were subject to forfeiture regardless of whether the corresponding conduct was charged in the substantive counts of conviction. *Cf. United States v. Royer*, 549 F.3d 886, 904 (2d Cir. 2008); *United States v. Fruchter*, 411 F.3d 377, 384 (2d Cir. 2005).

*Fifth*, and finally, Capoccia objects to certain of the more technical aspects of the district court's forfeiture calculations, which he contends involved double-counting $300,000 worth of transfers in the forfeiture amount and using a flawed methodology to determine the proportion of Capoccia's 1998 tax refund that was subject to forfeiture. Having carefully reviewed the record, we perceive no error in these determinations.

4

We have considered Capoccia's remaining arguments and conclude that they lack merit.

Accordingly, for the foregoing reasons, the Amended Forfeiture Order is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5