10-4034-cr
United States v. Diallo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand and twelve.

Present:
            PETER W. HALL,
            DENNY CHIN,
                        *Circuit Judges.*
            ALVIN K. HELLERSTEIN
                        *District Judge.*[*]

_____

United States of America,

            *Appellee*,

            v.                                                      No.      10-4034-cr

Amadou Diallo,

            *Defendant-Appellant*.

_____

_____

[*]The Honorable Alvin K. Hellerstein, United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          VIVIAN SHEVITZ, ESQ., Brooklyn, New York

FOR APPELLEE:           KAN M. NAWADAY (JUSTIN S. WEDDLE, *on brief*), Assistant United
                        States Attorneys, *of counsel*, *for* Preet Bharara, United States
                        Attorney for the Southern District of New York, New York, New
                        York

_____

Appeal from the United States District Court for the Southern District of New York

(Aspen, *J.*[**]).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**,

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Appellant-Defendant Amadou Diallo appeals from a judgment of the district court

convicting him, following a jury trial, of one count of conspiring to commit Hobbs Act robberies

and one count of committing a Hobbs Act robbery, both in violation of 18 U.S.C. § 1951, and

ordering forfeiture of $18,000.  Diallo challenges the admission of certain evidence, argues there

was insufficient proof to support his conviction, and contests the imposition of the $18,000

forfeiture judgment.  He also argues that he received ineffective assistance of counsel, asserting

that defense counsel failed to make evidentiary objections to most of the evidence he now

challenges.  We assume the parties' familiarity with the underlying facts, the procedural history

of the case, and the issues on appeal, and discuss these only where necessary to explain our

decision.

We turn first to Diallo's evidentiary arguments that the following evidence was

erroneously admitted: (1) his own statements made to a co-conspirator who did not testify at

trial; (2) prior consistent statements of a government witness; (3) a prior identification by the

_____

[**]The Honorable Marvin E. Aspen, United States District Court for the Northern District
of Illinois, sitting by designation.

2

same witness; (4) references by the government during trial to Diallo as "Money"; (5) his commission of other robberies with the same robbery crew for which he was not charged and his previous arrests for trafficking in illegal cigarettes; and (6) his flight and attempt to procure a travel visa to Sierra Leone upon learning there was a warrant for his arrest. We note preliminarily that Diallo failed to object to the bulk of the evidence he now challenges.

We review the arguments that Diallo failed to object to below, therefore, under the plain-error standard. Fed. R. Crim. P. 52(b); Fed. R. Evid. 103A.[1] "To establish plain error, [an] appellant must show there was (1) error (2) that is plain and (3) that affects substantial rights." *United States v. Cossey*, 632 F.3d 82, 86-87 (2d Cir. 2011). If these three criteria are satisfied, "we may exercise our discretion to notice the forfeited error only if it seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 87 (internal quotation marks omitted).

Diallo cannot meet this standard with respect to any of the evidentiary challenges that he raises for the first time on appeal. Rather than being "clear or obvious," Diallo's novel arguments regarding authentication and the government's "bootstrapping" similar-acts testimony to substantive evidence of guilt raise issues that are "subject to reasonable dispute," *United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010), and we thus do not recognize them as plain error. *See United States v. Dhinsa*, 243 F.3d 635, 659 (2d Cir. 2001) ("Authentication may be established by circumstantial evidence such as the similarity between what was discussed by the

---

[1] To the extent Diallo "raises a substantially different argument on appeal[]" than he raised below, "we review the district court's decision" for plain error. *United States v. Ubiera*, 486 F.3d 71, 74 (2d Cir. 2007).

speakers and what each subsequently did."); *United States v. Aminy*, 15 F.2d 836, 842 (2d Cir. 1992) (noting that when knowledge and intent are at issue, "other-act evidence that tended to show those mental states served a proper purpose"). Moreover, we see no error, much less plain error, in the admission of the prior identification of Diallo or the government referring to him as "Money." *See, e.g.*, *United States v. Salameh*, 152 F.3d 88, 125 (2d Cir. 1998) (discussing that a "prior identification . . . will be excluded only if the procedure is" unnecessarily suggestive and conducive to irreparable misidentification); *United States v. Burton*, 525 F.2d 17, 19 (2d Cir. 1975) (discussing the government's proper use of nicknames).

Regarding Jordan's prior consistent statements, even assuming their admission was error, it was not plain. Federal Rule of Evidence 801(d)(1)(c) permits introduction of an out-of-court consistent statement when offered "to rebut an express or implied charge of the recent fabrication or improper influence or motive." Fed. R. Evid. 801(d)(1)(c). The government argues that Jordan's prior consistent statements rebutted the defense argument that Jordan's testimony changed over the course of 18 meetings with the government. The government asserts that Jordan did not have a motive to fabricate at the first meeting because he had not been charged, arrested, or given a cooperation agreement. Jordan's own testimony, however, indicates that he decided to cooperate with the government when, along with his attorney, he turned himself in and approached the government to share his knowledge of the robberies. Because a motive to fabricate may well have existed when Jordan made the original consistent statements, arguably there was no basis for admitting them into evidence. *See United States v. Brennan*, 798 F.2d 581, 587-89 (2d Cir. 1986) (discussing nonhearsay and rehabilitative theories for admitting prior consistent statements). Any error, however, did not "affect substantial rights"

4

as it would not have affected the outcome of the district court proceedings. *See United States v. Thomas*, 274 F.3d 655, 668 (2d Cir. 2001). Jordan's testimony inculpating Diallo was largely corroborated by Falcon, and both witnesses were subject to vigorous cross-examination regarding their cooperation agreements and the vagaries in their testimony. In addition, we do not believe the error – if it was error – seriously affected the integrity, fairness, or public reputation of the judicial proceedings.

Diallo did object below to the introduction of evidence of flight. "We review evidentiary rulings for abuse of the district court's broad discretion, reversing only when the court has acted arbitrarily or irrationally." *United States v. SKW Metals & Alloys*, 195 F.3d 83, 88 (2d Cir. 1999) (internal quotation marks omitted). The government may introduce evidence of flight to demonstrate consciousness of guilt if a series of inferences can be drawn "from which the jury can infer consciousness of guilt from flight." *United States v. Al-Sadawi*, 432 F.3d 419, 424 (2d Cir. 2005). Diallo argues that a link in the *Al-Sadawai* chain-of-inferences is broken because as an admitted trafficker in illegal cigarettes, he might be expected to flee merely due to that conduct, not because he was engaged in robberies and a conspiracy. The evidence shows that after Diallo fled, his former defense attorney (who did not represent him at trial) and government agents discussed the charges. His former attorney testified that he then told Diallo of the warrant and charges. Days later, Diallo requested from the U.S. Department of Homeland Security a travel visa to Sierra Leone. In light of these facts, the district court properly admitted the evidence, letting the defendant explain or deny it. *See United States v. Ayala*, 307 F.2d 574, 576 (2d Cir. 1962). The district court did not exceed its discretion in so ruling.

Turning to Diallo's challenge to the sufficiency of the evidence, he "bears a heavy burden," *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009), as we apply an "exceedingly deferential" standard of review. *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). "We must affirm defendant's conviction if, viewing all the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bala*, 236 F.3d 87, 93 (2d Cir. 2000) (internal quotation marks and citations omitted). Reviewing the record, we hold that there was sufficient evidence for a reasonable jury to find Diallo guilty beyond a reasonable doubt of conspiring to commit Hobbs Act robberies and committing a Hobbs Act robbery on December 4, 2007. Falcon and Jordan, co-conspirators who cooperated with the government, testified about Diallo's direct participation in the planning of the robberies and about the robberies themselves. Several victims testified to events that corroborated Falcon's and Jordan's testimony. The government submitted telephone and business records showing that Diallo spoke with Falcon on the days in question and that Diallo rented storage units at the same location Jordan and Falcon testified was the off-load point for the cigarettes. Diallo's challenges to Falcon and Jordan's credibility go to the "weight" of the evidence, not its sufficiency–"a matter for argument to the jury, not a ground for reversal on appeal." *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989).

Diallo also argues that the district court erred by entering a $18,000 money judgment against him without "tracing" the $18,000. Tracing is not an issue here. "[W]hen a defendant lacks the assets to satisfy the forfeiture order at the time of sentencing, the money judgment . . . is effectively an *in personam* judgment in the amount of the forfeiture order." *United States v.*

6

*Awad*, 598 F.3d 76, 78 (2d Cir. 2010); *see also United States v. Kalish*, 626 F.3d 165, 168-69 (2d Cir. 2010).  The amount of the money judgment, here $18,000, represents the amount of the property obtained as a result of the illegal activity, i.e., the 10 or 11 cases of cigarettes Diallo and his crew stole.   The district court found at the forfeiture hearing that "there is no question that Diallo reaped a benefit from the December 4, 2007 robbery of untaxed cigarettes[.]" *United States v. Diallo*, No. 09-cr-858, 2011 WL 135005, at *2 (S.D.N.Y. Jan. 13, 2011).  Diallo, like the defendants in *Kalish* and *Awad,* had no assets at the time of forfeiture.  Entry of a money judgment was, therefore, appropriate.  *See Kalish*, 626 F.3d at 168-69.

Diallo argues that he was deprived of effective assistance of counsel in violation of the Sixth Amendment.  This Court has a "baseline aversion to resolving ineffectiveness claims on direct review," *Salameh*, 152 F.3d at 161, preferring these claims "be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 504 (2003).   We see no reason to deviate from that practice.  If he chooses to do so, Diallo is free to pursue his ineffectiveness claim pursuant to the provisions of 28 U.S.C. § 2255.  We decline to address the merits of his claim at this time.

We have considered Diallo's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7