**UNITED STATES of America, Plaintiff,**

v.

**Qendrim DOBRUNA, Defendant.**

**12 CR 300 (ILG)**

United States District Court, E.D. New York.

Signed September 28, 2015

---

Amir Toossi, United States Attorneys Office, Brooklyn, NY, for Plaintiff.

Steve Zissou, Steve Zissou & Associates, Bayside, NY, for Defendant.

## MEMORANDUM AND ORDER

GLASSER, United States Senior District Judge:

The Government seeks a $14 million forfeiture money judgment against defendant Qendrim Dobruna in the criminal case of *United States v. Qendrim Dobruna.* For the reasons set forth below, the Government's request is denied.

## I. BACKGROUND

Qendrim Dobruna was charged in a ten-count indictment, alleging, *inter alia,* conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 18 U.S.C. § 1344; conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. According to the indictment, Dobruna participated in the February 2011 hacking of a database containing credit and debit card information linked to accounts owned by JPMorgan Chase. The breach lasted from February 26 to February 28, 2011. During that time conspirators withdrew funds from accounts around the world, resulting in a $14 million loss to JPMorgan.

On July 11, 2014, Dobruna pled guilty to a single count of bank fraud, in violation of 18 U.S.C. § 1344. On June 29, 2015, this Court sentenced him to a 50–month term of imprisonment and imposed an order of restitution in the amount of $14 million, as authorized by 18 U.S.C. § 3663.

In his plea agreement Dobruna agreed to forfeit "an amount of money to be determined before sentencing." At sentencing, the Court asked the Government to submit a memorandum on the appropriateness of a forfeiture order. On July 23, 2015, the Government requested a forfeiture money judgment of $14 million, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as criminal proceeds "traceable to" a violation of 18 U.S.C. § 1344.[1] On August 23, 2015, the defendant submitted a letter opposing that request. As set forth below, this Court declines to order the forfeiture of any amount.

## II. DISCUSSION

### A. Criminal Forfeiture

■ Criminal forfeiture of property related to certain crimes is mandated by statute. *See United States v. Schlesinger*, 261 Fed.Appx. 355, 361 (2d Cir.2008). It punishes the offender by stripping him of the fruits of his criminal conduct. *United States v. Contorinis*, 692 F.3d 136, 146 (2d Cir.2012). ("Criminal forfeiture focuses on the disgorgement by a defendant of his 'ill-gotten gains.' ") (quoting *United States v. Kalish*, 626 F.3d 165, 170 (2d Cir.2010)). By forcing wrongdoers to give back the

fruits of their illegal conduct, forfeiture seeks "to make lawbreaking unprofitable for the law-breaker" and, thus, to "deter[ ] subsequent fraud." *S.E.C. v. Contorinis*, 743 F.3d 296, 301 (2d Cir.2014) (quoting *S.E.C. v. Cavanagh*, 445 F.3d 105, 117 (2d Cir.2006)). However, because forfeiture serves no punitive function, "the disgorgement amount may not exceed the amount obtained through the wrongdoing." *Id.* This comports with the "broadly accepted principle that forfeiture is calculated based on a defendant's gains." *Contorinis*, 692 F.3d at 147.[2]

■ The measurement of a defendant's gains—the proceeds subject to disgorgement—is not a speculative event. It must be shown by a preponderance of evidence. *Kalish*, 626 F.3d at 168. To determine whether the requisite proof exists, a court may rely on "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed.R.Crim.P. 32.2(b)(1)(B). Further, "[t]he district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged." *S.E.C. v. First Jersey Sec., Inc.,* 101 F.3d 1450, 1474–75 (2d Cir.1996).

### B. Analysis

■ Proceeds traceable to the fraud that Dobruna aided are subject to forfei-

---

**1.** Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture statute, it has been integrated into criminal proceedings via 28 U.S.C. § 2461(c), which authorizes a court to order forfeiture of property as part of a criminal sentence.

**2.** The presence of a criminal conspiracy adds nuance to these forfeiture rules, and it is true that Dobruna's crime touched on a conspiracy. *See United States v. Fruchter*, 411 F.3d

377, 384 (2d Cir.2005) (holding that an individual conspirator may be ordered to forfeit all of the proceeds derived from the criminal enterprise he participated in). However, Dobruna was convicted only of the substantive crime of bank fraud, in violation of 18 U.S.C. § 1344. Therefore, he is not a co-conspirator, and the criminal forfeiture rules invoked by a conspiracy do not apply here.

ture. *See* 18 U.S.C. § 981(a)(1)(C) ("Any property ... which constitutes or is derived from proceeds traceable to a violation of section ... 1344 of this title" is "subject to forfeiture to the United States[.]"). However, since no evidence has been presented that Dobruna *personally* derived any "ill-gotten gains" from his criminal conduct, forfeiture here would be of property that is undefined if even existent or recognizable. As such, it would be a *brutum fulmen.*

The conduct giving rise to Dobruna's conviction is as follows: he was contacted online by another hacker; he transmitted account and credit card information to that hacker; the hacker used information provided by Dobruna to steal money from JPMorgan. Dobruna played no role in the subsequent events. He did not participate in the hacker's illegal withdrawals from JPMorgan, nor did he independently withdraw or receive money from any compromised JPMorgan account. There is no evidence that he realized any tangible benefit from his transmissions to the hacker and, therefore, there is nothing to forfeit.

The $14 million stolen from JPMorgan is a proper measure of restitution for which Dobruna may be jointly and severally liable. *See United States v. Nucci,* 364 F.3d 419, 422 (2d Cir.2004). But a forfeiture order would defy the purpose and spirit of forfeiture law.

## CONCLUSION

For the reasons stated above, the Government's request is DENIED.

**SO ORDERED.**