18-2106-cr
*United States v. James*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 18-2106-cr

CHRISTOPHER GREEN, THOMAS TARANTO,
MICHELLE GONZALEZ, CHEYANNE MOORE,

> *Defendants*,

EUGENE JAMES, aka EUGENE D. JAMES,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | Lisa A. Peebles, Melissa A. Tuohey, Office of the Federal Public Defender, Syracuse, NY. |

For Appellee:                                    Nicholas Commandeur, Rajit S. Dosanjh,
                                                 Assistant United States Attorneys, *for* Grant C.
                                                 Jaquith, United States Attorney for the
                                                 Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Eugene James appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*), entered July 13, 2018 and sentencing him principally to 188 months in prison and ordering the forfeiture of $90,000. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Term of Imprisonment

James argues that the sentence imposed by the district court is substantively unreasonable because the district court's reliance on his criminal history cannot bear the weight assigned to it, his sentence does not account for the reduced likelihood of recidivism brought about by his age, and he was not the typical organizer or leader as defined by the guidelines.

This Court considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2008). We find error only if the sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).[1] In other words, we do not substitute our own judgment for that of the district court, but instead "find substantively unreasonable only those

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that affirming them would damage the administration of justice." *United States v. Jones*, 878 F.3d 10, 19 (2d Cir. 2017).

Here, the district court did not abuse its discretion by putting significant weight on James's criminal history, which spanned two decades and involved numerous violent crimes, drug trafficking violations, and convictions for weapons possession, or by applying a "managerial role" enhancement, given that, as James concedes, the factual predicates of the enhancement were met. *See United States v. Jimenez*, 68 F.3d 49, 51-52 (2d Cir. 1995). Nor does James's age affect our analysis. The statistics James cites, which indicate a decline in recidivism among offenders older than fifty, do not support his position, given that he was thirty-four years old at the time of sentencing and will be forty-eight years old at the time of his release. Accordingly, we conclude that the district court's sentence of 188 months was within the range of permissible decisions.

## II.    Forfeiture Order

James also challenges a forfeiture money judgment entered by the district court in the amount of $90,000. James does not dispute the factual basis for the judgment or suggest that the government sought an amount in excess of his actual proceeds from drug trafficking. Instead, James argues that the governing statute, 21 U.S.C. § 853, does not authorize personal money judgments at all. James relies primarily on a decision of the Eastern District of New York, *United States v. Surgent*, No. 04 Crim. 364, 2009 WL 2525137 (E.D.N.Y. Aug. 17, 2009), in which the court concluded that § 853 did not authorize courts to issue in personam money judgments against defendants. But in *United States v. Awad* this Court rejected *Surgent*, holding that "§ 853 permits imposition of a money judgment on a defendant who possesses no assets at the time of sentencing," 598 F.3d 76, 78 (2d Cir. 2010) (per curiam). *See id.* at 79 n.5 ("We are aware of the thorough

discussion and contrary interpretation advanced in *United States v. Surgent* . . . upon which appellant Awad relies heavily. In the end, however, we find it unpersuasive.").[2] And, contrary to James's contention, the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), does not abrogate this precedent.[3]

We have considered all of James's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2] This Court has also recognized the validity of personal forfeiture money judgments in other published decisions. *See, e.g.*, *United States v. Kalish*, 626 F.3d 165, 169 (2d Cir. 2010) (money judgment under 28 U.S.C. § 2461(c)); *United States v. Robilotto*, 828 F.2d 940, 948-49 (2d Cir. 1987) (money judgment under 18 U.S.C. § 1963).

[3] *Honeycutt*, which regards joint and several forfeiture liability, did not address the propriety of forfeiture money judgments. *See United States v. Elbeblawy*, 899 F.3d 925, 940-41 (11th Cir. 2018); *see also United States v. Gorski*, 880 F.3d 27, 40-41 (1st Cir. 2018).

4