18-2570-cr
*United States v. Peralta (Sanchez)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand nineteen.

PRESENT:   DENNIS JACOBS,
               PETER W. HALL,
               DEBRA A. LIVINGSTON,
                         *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                             No. 18-2570

NICOLAS PERALTA, SAMUEL RIVERA, HECTOR GUTIERREZ, JEFFERY RIVERA, JULIO HERNANDEZ, RAMON GOMEZ, OSVALDO GARCIA, JUAN RAMIREZ, VANESSA PAGAN

                    *Defendants*,

GILBERT ROSA SANCHEZ, AKA JULIAN LUCIA-CEDANO,

*Defendant‑Appellant*.

| | |
|---|---|
| For Appellant: | Lisa A. Peebles, Melissa A. Touhey, Office of the Federal Public Defender, Syracuse, NY |
| For Appellee: | Carla B. Freedman and Rajit S. Dosanjh, Assistant United States Attorneys, *for* Grant C. Jacquith, United States Attorney for the Northern District of New York, New York, New York |

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the judgment of the district court is **AFFIRMED.**

Defendant‑Appellant Gilbert Rosa Sanchez claims the United States District Court for the Northern District of New York (Suddaby, *C.J.*) exceeded its constitutional and statutory authority by entering a personal money judgment against him in the amount of $20,000, following his guilty plea to a drug trafficking conspiracy. The issue raised in this appeal is identical to one of the issues raised in *United States v. Green*, No. 18‑2106‑cr, 2019 WL 4463565 (2d Cir. Sept. 18, 2019) (summary order), and the arguments in each are substantially similar.[1] We assume the parties' familiarity with the underlying facts, the

---

[1] Both Sanchez and the appellant in *Green* have been represented in their appeals by the Syracuse, New York Office of the Federal Public Defender.

procedural history of the case, and the issue on appeal.    Given counsel's familiarity with our decision in *Green*, we also substantially parrot that decision in our disposition here.

Like the appellant in *Green*, Sanchez does not dispute the factual basis for the judgment or suggest that the government sought an amount in excess of his actual proceeds from drug trafficking.    *See Green*, 2019 WL 4463565, at *1.    Instead, Sanchez argues that the governing statute, 21 U.S.C. § 853, does not authorize personal money judgments at all.    Sanchez relies primarily on a decision of the Eastern District of New York, *United States v. Surgent*, No. 04 Crim. 364, 2009 WL 2525137 (E.D.N.Y. Aug. 17, 2009), in which the court concluded that § 853 did not authorize courts to issue in personam money judgments.

Further paraphrasing our analysis in *Green*, we repeat that we have rejected *Surgent*'s rationale when we held in *United States v. Awad*, 598 F.3d 76 (2d Cir. 2010) (per curiam), "that '§ 853 permits imposition of a money judgment on a defendant who possess no assets at the time of sentencing.'" *Green*, 2019 WL 4463565, at *1 (quoting *Awad*, 598 F.3d at 78); *see Awad*, 598 F.3d. at 79 n.5 ("We are aware of the thorough discussion and contrary interpretation advanced in *United States v. Surgent* . . . upon which the appellant Awad relies heavily.    In the end, however, we find it unpersuasive."). "It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court."

3

*Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016). We agree with our colleagues that *Awad* remains controlling precedent. *See Green*, 2019 WL 44633565, at *1. The Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), addresses joint and several forfeiture liability, not the propriety of forfeiture money judgments. Its holding does not abrogate *Awad*. Further, this court has recognized the validity of personal forfeiture money judgments in other published decisions. *See, e.g., United States v. Kalish*, 626 F.3d 165, 169 (2d Cir. 2010) (money judgment under 28 U.S.C. 2461(c)); *United States v. Robilotto*, 828 F.2d 940, 948–49 (2d Cir. 1987).

We have considered all of Sanchez's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court