NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0546n.06

Nos. 07-5722/07-5741

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | **Aug 07, 2009** |
| Plaintiff-Appellee, | ) | LEONARD GREEN, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RANDALL R. PARKER (07-5722) | ) | THE MIDDLE DISTRICT OF |
| KENNETH B. KIMBALL (07-5741) | ) | TENNESSEE |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Before: CLAY, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Randall Parker and Kenneth Kimball appeal their sentences following our prior remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). We affirm.

I.

Parker and Kimball were convicted after a jury trial of various drug, firearms, and money-laundering offenses arising from their participation in a vast cocaine-trafficking conspiracy. Kimball was also convicted of witness tampering, soliciting a crime of violence, and obstruction of justice for hiring another conspirator to attempt to kill several witnesses, including Parker. The district court, using the pre-*Booker* mandatory Sentencing Guidelines, sentenced Parker to life imprisonment, and Kimball to consecutive life sentences, plus 15 years.

We considered Parker's and Kimball's direct appeals in *United States v. Kimball*, 194 F. App'x 373 (6th Cir. 2006). There, we affirmed each conviction, and rejected various challenges to the district court's Guidelines calculations. We vacated Parker and Kimball's sentences and remanded for resentencing, however, because the two defendants were "sentenced under the mandatory guidelines regime abrogated by *Booker*." 194 F. App'x at 378.

On remand, the district court determined that our order was "a classic *Booker* remand and [was] not a remand for [a] de novo sentencing hearing." Accordingly, the court stated that it was not required to revisit the defendants' objections to its Guidelines calculations. The court nonetheless addressed, and rejected, each of the defendants' objections, so that "the record [in] the Court of Appeals [would] be sufficient." The court then considered the advisory Guidelines ranges—life imprisonment for Parker, and consecutive life terms plus 15 years for Kimball—and the 18 U.S.C. § 3553(a) sentencing factors, and sentenced Parker and Kimball to the same sentences it had imposed prior to the remand.

These appeals followed.

II.

A.

Reviewing sentences on appeal, we "first ensure that the district court committed no significant procedural error," and "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). We apply a rebuttable presumption of reasonableness to within-Guidelines sentences. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (*en banc*).

B.

Parker first argues that the district court erred in interpreting the scope of our remand. He contends that, because we "vacated" his sentence, the remand "mandated [that] the District Court essentially conduct the hearing *de novo*, as if the sentence had never been imposed." Parker's Br. at 13. He argues that the district court therefore erred in failing to "reexamine" his challenges to his Guidelines range. *Id.*

Nothing in our remand order compelled that reexamination. In his first appeal, we *rejected* all of Parker's Guidelines-range challenges, and affirmed the district court's calculation. *See Kimball*, 194 F. App'x at 378. We remanded in light of *Booker* to determine only if the district court would have imposed a different sentence had that Guidelines range been advisory, rather than mandatory. *See United States v. Worley*, 453 F.3d 706, 709 (6th Cir. 2006) ("The goal of the *Booker* remand is to determine if, at the time of sentencing, the district judge would have imposed a different sentence in the absence of mandatory guidelines") (quoting *United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005)). We vacated Parker's sentence to allow the district court to reconsider it post-*Booker*, but that did not invite the district court to revisit matters on which we had already ruled. The district court thus correctly did not reexamine Parker's challenges to his Guidelines range, and it properly interpreted the scope of our remand.

Parker now raises those same Guidelines challenges again here. He argues, for example, that the district court violated his Sixth Amendment rights by holding him responsible for 150 kilograms of cocaine, when the jury found him guilty of only 5 kilograms or more. We rejected that argument in his first appeal, holding that, because "[t]he statutory maximum applicable to such an amount is

life imprisonment, *see* 21 U.S.C. § 841(b), which is what he received . . . there is no Sixth Amendment violation." *Kimball*, 194 F. App'x at 378. Parker also argues that the district court erred in applying sentencing enhancements for obstruction of justice, playing a leadership or an organizing role, sophisticated money laundering, and possession of a firearm. We rejected each of those arguments as well. *Id.* Our holdings became the law of the case, and we therefore do not reconsider Parker's Guidelines challenges here. *See United States v. Mendez*, 498 F.3d 423, 426 (6th Cir. 2007).

Parker also raises two new arguments, namely that the district court erred in counting his prior marijuana-possession conviction as a felony under 21 U.S.C. § 841(b)(1), and in entering criminal forfeiture judgments following trial. But Parker waived those arguments when he failed to raise them in his first appeal. *See United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) (when a party fails to raise an argument that was "available to the [party] during the first appeal[,]" the party is "barred from reasserting that issue in any subsequent appeals occurring in that case").

Parker does not otherwise challenge his sentence. The district court committed no procedural error in imposing the sentence, and Parker's within-Guidelines life sentence is substantively reasonable, given his extensive role in a massive cocaine-trafficking conspiracy.

C.

Kimball also challenges his sentence of consecutive life terms in prison, plus 15 years. He first argues that his sentence was procedurally unreasonable because, he says, the district court failed to recognize, when weighing his "history and characteristics" under § 3553(a)(1), his "long history

of charitable endeavors and public service[,]" and his success in owning and operating several auto-repair businesses. Kimball's Br. at 6-8.

The record demonstrates otherwise. The district court found that Kimball's history and characteristics "weigh[ed] in his favor[,]" and specifically noted "his charitable acts, [and] the successful businesses he has run." But the district court found other factors more significant, such as the need for the sentence imposed to reflect the seriousness of the offenses, and the need to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). The record therefore reflects that the district court properly considered Kimball's history and characteristics under § 3552(a)(1), and specifically analyzed the factors that Kimball claims it failed to consider.

Kimball also argues that the district court failed to consider the "need to avoid unwarranted sentence disparities" under § 3553(a)(6). He asserts that some of his co-conspirators received more lenient sentences, despite engaging in "at least the same conduct . . . if not[] much more." Kimball's Br. at 20 (emphasis omitted). Again, the record demonstrates otherwise. Two of Kimball's co-conspirators received life sentences for their roles in the drug-trafficking operation, the same effective sentence Kimball received. All of the others, as the district court noted, received lesser sentences due to their cooperation agreements with the government. Kimball did not have such an agreement. Moreover, Kimball stands alone among the conspirators as the undisputed kingpin and mastermind of the cocaine-trafficking scheme, and in hiring others to kill four witnesses. His sentence therefore rightly reflects the added seriousness of his offenses and the need to provide just punishment for them. Section 3553(a)(6) cautions district courts to avoid *un*warranted sentence disparities, not warranted ones. The district court properly considered that sentencing factor.

Finally, Kimball argues that his sentence is substantively unreasonable because "[i]t is hard to imagine that a sentence of life, plus life, plus 15 years meets [§ 3553(a)'s] goals better than a total effective sentence of life, plus 25 years"—which was the statutory minimum and the sentence he requested—because "[b]oth sentences are physically impossible to serve." Kimball's Br. at 21. But we have upheld sentences greater than life imprisonment before, *see United States v. Conatser*, 514 F.3d 508, 522 (6th Cir. 2008), and the physical impossibility of serving the sentence is not one of § 3553(a)'s factors. That section instead instructs the district court to impose a sentence "sufficient, but not greater than necessary, to comply with" factors such as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). The district court here found that Kimball's offenses, which included leading an enormous drug-trafficking operation and attempting to kill witnesses, were "very serious," and that the scope of his criminal activity was "breathtaking." The district court therefore did not abuse its discretion in determining that the advisory Guidelines sentence—consecutive terms of life imprisonment, plus 15 years—was appropriate to provide just punishment for those crimes.

The district court's judgments are affirmed.