**UNITED STATES of America**

v.

**Dean C. PLASKETT, Appellant**

**United States of America**

v.

**Marc A. Biggs, Appellant.**

**Nos. 08–3531, 08–3532.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a), Dec. 2, 2009.

Opinion Filed: Dec. 9, 2009.

Armando O. Bonilla, Esq., Michael Ferrara, Peter M. Koski, Esq., United States Department of Justice, Washington, DC, for United States of America.

Gordon C. Rhea, Esq., Richardson, Patrick, Westbrook & Brickman, Mount Pleasant, SC, for Appellant Dean C. Plaskett.

Before: McKEE, FUENTES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellants, Dean C. Plaskett and Marc. A Biggs, appeal from the District Court's ruling denying their post-trial motions as well as the underlying and preceding orders and rulings by the District Court addressing the issues raised in the post-trial motions. Biggs also challenges aspects of the jury charge and the sentence imposed by the District Court. For the reasons that follow, we will affirm the rulings of the District Court and appellants'

convictions and sentences.[1]

## I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of the case.

Plaskett and Biggs, were, respectively, the Commissioner of the Virgin Islands Department of Planning and Natural Resources and the Commissioner of Property and Procurement. They were charged with participating in an elaborate bribery and kickback scheme with other government officials and complicit business owners. The Indictment alleged that the members of the scheme used fictitious and real companies to obtain government contracts worth more than $1.4 million and progress payments of more than $1 million, despite little or no contract performance.

At trial, the key government witness was Hollis Griffin, the former Director of the Division of Environmental Protection. Griffin, a cooperating witness and alleged coconspirator, provided the critical testimony regarding the alleged payment of bribes at the heart of the case. Following trial, Plaskett and Biggs were each convicted of one count of federal program bribery; Plaskett was also convicted of two counts of obstruction of justice. They were acquitted of the remaining charges against them. The District Court sentenced Plaskett and Biggs to 108 months and 84 months in prison, respectively. In addition, the District Court imposed personal money judgments against them— $1,086,237 against Plaskett and $960,482 against Biggs.

On appeal, Plaskett and Biggs raise a number of challenges to their convictions and sentences. We review each challenge in turn.

## II.

■ Plaskett challenges the District Court's exclusion of tapes of recorded phone calls between himself and Griffin. The Court ruled that while portions of the tapes could be used to rebut Griffin's direct testimony, overall, the tapes were hearsay and inadmissible on direct examination of Plaskett. The Court also concluded that the evidence was more prejudicial than probative. Plaskett argues that the District Court's rulings were erroneous, but he has not provided either reproductions of the recorded conversations or written transcripts for the panel to review. Without the capability to examine the evidence at issue, the panel cannot rule on the merits of Plaskett's arguments regarding the tapes and deems such arguments waived.

A week before trial, the government sent defense counsel a letter pursuant to Federal Rule of Criminal Procedure 16(a) that disclosed that Griffin had used illegal drugs and had sought drug rehabilitation treatment on two separate occasions; the government did not provide details of or medical records from either treatment. Plaskett and Biggs argue that the timing of this disclosure and the failure to provide more details violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). When a motion for a new trial is

---

1. The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231 as Plaskett and Biggs were charged with offenses against the United States. *United States v. Cartwright,* 359 F.3d 281, 285 (3d Cir.2004). As the District Court's judgments of conviction and sentence were final decisions, we have jurisdiction over the appeals pursuant to 28 U.S.C. § 1291. *Id.*

based on a *Brady* claim, we "conduct a de novo review of the district court's conclusions of law as well as a clearly erroneous review of any findings of fact." *United States v. Pelullo,* 399 F.3d 197, 202 (3d Cir.2005) (internal quotation marks & citations omitted).

In *Brady,* the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment...." 373 U.S. at 87, 83 S.Ct. 1194. The Supreme Court has further elaborated that suppressed "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

■ Assuming *arguendo* that the details of Griffin's drug use and subsequent treatment were favorable to Plaskett and Biggs as impeachment evidence and that such evidence was suppressed, there was no *Brady* violation as the evidence was not material. Plaskett and Biggs concede that they had some knowledge of Griffin's drug use and rehabilitation treatment, and they used this evidence to cross-examine Griffin and to discredit him as a witness during their opening and closing statements. The more detailed information sought by Plaskett and Biggs "would not have put the whole case in such a different light as to undermine confidence in the verdict, and would have been merely cumulative." *United States v. Johnson,* 199 F.3d 123, 128 (3d Cir.1999); *accord Conley v. United States,* 415 F.3d 183, 189 (1st Cir.2005) ("Suppressed impeachment evidence is immaterial under *Brady* ... if the evidence is cumulative or impeaches on a collateral issue. Suppressed impeachment evidence, if cumulative of *similar* impeachment evidence used at trial ... is superfluous and therefore has little, if any, probative value." (internal citations omitted)). The fact that the evidence of Griffin's drug abuse was cumulative of evidence already possessed by Plaskett and Biggs distinguishes the instant case from *United States v. Robinson,* 583 F.3d 1265 (10th Cir.2009), on which Plaskett and Biggs rely. In *Robinson,* the court explicitly held that the suppressed evidence "was not cumulative.... None of the[] avenues of impeachment [based on the suppressed evidence] is duplicative of those Robinson was able and allowed to pursue at trial." *Id.* at 1273–74 (citation omitted). In contrast, Plaskett and Biggs could and did attempt to impeach Griffin based on his drug use, rendering the allegedly suppressed evidence duplicative. The District Court correctly concluded that the government did not violate *Brady* or *Giglio.*

■ After trial, Biggs moved for acquittal on the ground that the evidence was insufficient to support his conviction for federal program bribery, specifically that the evidence did not establish that he acted with corrupt intent or that he received a cash payment in connection with a contract in or about mid-January 2003. The District Court denied the motion. Biggs "must overcome a 'very heavy burden' to overturn the jury's verdict for insufficiency of the evidence." *United States v. Cuevas–Reyes,* 572 F.3d 119, 121 (3d Cir.2009) (quoting *United States v. Dent,* 149 F.3d 180, 187 (3d Cir.1998)). We sustain a defendant's conviction if, viewing the evidence in the light most favorable to the government, " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt....' " *United States v. Voigt,* 89

F.3d 1050, 1080 (3d Cir.1996) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Based on the record, a reasonable jury could have found that the government proved Biggs's corrupt intent and receipt of a cash payment in or about mid-January 2003. For the reasons stated by the District Court, we will affirm the denial of Biggs's motion for judgment of acquittal.

Biggs raises two challenges to the jury charge. "We exercise plenary review in determining 'whether the jury instructions stated the proper legal standard. We review the refusal to give a particular instruction or the wording of instructions for abuse of discretion.'" *United States v. Leahy,* 445 F.3d 634, 642 (3d Cir.2006) (quoting *United States v. Coyle,* 63 F.3d 1239, 1245 (3d Cir.1995)). In our review, "we consider the totality of the instructions and not a particular sentence or paragraph in isolation." *Id.* (internal quotation marks & citation omitted).

■ First, Biggs argues that the District Court erred in denying his request to instruct the jury on good faith; this argument is without merit. We have held that "a district court does not abuse its discretion in denying a good faith instruction where the instructions given already contain a specific statement of the government's burden to prove the elements of a 'knowledge' crime." *Leahy,* 445 F.3d at 651 (citation omitted). In the instant case, the District Court's charge clearly defined the elements of the crimes with which Biggs was charged, including the intent element. In light of these instructions, a good faith charge was "unnecessary and redundant. If the jury found that [Biggs] had acted in good faith, it necessarily could not have found that [he] had acted with the requisite scienter." *Id.* Thus, the District Court did not err in failing to charge the jury on good faith.

■ Second, Biggs contends that the District Court incorrectly instructed the jury on federal program bribery, failing to properly explain the requisite *mens rea.* As Biggs did not object to the charge at trial, we review for plain error. *United States v. Williams,* 464 F.3d 443, 445 (3d Cir.2006). Biggs was charged with three counts of federal program bribery, in violation of 18 U.S.C. § 666(a)(1)(B). The jury instructions delivered by the District Court were consistent—virtually identical—with the Third Circuit model jury instructions for Solicitation of a Bribe by an Agent of a Program Receiving Federal Funds (18 U.S.C. § 666(a)(1)(B)). The District Court also elaborated on the *mens rea* required for a violation of the statute, clarifying what it means to act "corruptly," as follows:

A public official demands, seeks, or receives a thing of value corruptly if the official accepts the item knowingly and intentionally, with the purpose either of accomplishing an unlawful end or lawful result, or of accomplishing some otherwise lawful end or lawful result influenced by the receipt of the thing of value.

Corrupt acts are normally motivated by hope or expectation of either financial gain or other benefit to one's self or some aid or profit to another.

In considering this element, remember that it is the defendant's intent, at least in part, to be influenced or rewarded, which is important, not his or the Virgin Islands Government's or his agency's subsequent actions.

Thus, the prosecution does not have to prove that the defendant received the bribe or that the bribe actually influenced the Government of the Virgin Islands, or any agency thereof.

It is not even necessary that the defendant had the authority to perform the act sought.

644

Also, if you find that the defendant accepted the payment with the intent to be rewarded for a decision already made, it does not matter that the payment was not accepted or solicited until after the transaction occurred.

(Biggs J.A. 2991–92.) As the District Court thoroughly explained the *mens rea* required for a "corrupt intent," the Court did not commit plain error in its charge to the jury.

■ Biggs challenges the personal money judgment of $960,482 entered against him on the following grounds: (1) lack of notice in the Indictment; (2) the District Court's failure to limit the personal money judgment to the maximum amount of restitution; and (3) the District Court's failure to consider Biggs's ability to pay.[2] As these issues present questions of law, we exercise plenary review. *United States v. Vampire Nation,* 451 F.3d 189, 198 (3d Cir.2006) (citing *United States v. Ledesma–Cuesta,* 347 F.3d 527, 530 (3d Cir. 2003)).

With respect to notice, the Indictment contained forfeiture allegations, which explained that once convicted, Biggs would be required to forfeit any property constituting or derived from proceeds traceable to the offense or an equivalent sum of money. The Indictment further disclosed that the government would seek forfeiture of substitute assets to recover the illicit proceeds. Under Federal Rules of Criminal Procedure 7(c)(2) and 32.2(a), this was sufficient notice that Biggs could be subject to forfeiture and a personal money judgment.

■ Biggs asserts without authority that the amount of the personal money

judgment entered against him should not have exceeded the maximum amount of restitution Biggs could have been ordered to pay based upon his count of conviction, i.e., the $162,250 payment issued under a coastal zone management contract. In effect, Biggs contends that the District Court erred in including within the calculation the illicit proceeds related to the counts on which he was acquitted. Biggs erroneously conflates forfeiture and restitution, which "are distinct remedies. Restitution is remedial in nature, and its goal is to restore the victim's loss. Forfeiture, in contrast, is punitive; it seeks to disgorge any profits that the offender realized from his illegal activity. Given their distinct nature and goals, restitution is calculated based on the victim's loss, while forfeiture is based on the offender's gain." *United States v. Webber,* 536 F.3d 584, 602–03 (7th Cir.2008) (internal citations omitted). Moreover, "[e]ven counts on which the jury acquits may be considered in sentencing, if the judge finds by a preponderance of the evidence that the criminal activities occurred." *United States v. Genova,* 333 F.3d 750, 762 (7th Cir.2003) (citation omitted). "So long as the sentencing court finds by a preponderance of the evidence that the criminal conduct through which the proceeds were made was foreseeable to the defendant, the proceeds should form part of the forfeiture judgment." *United States v. Fruchter,* 411 F.3d 377, 384 (2d Cir.2005) (citation omitted). The District Court found by a preponderance of the evidence that the bribery and kickback scheme in which Biggs participated netted $960,482. Accordingly, the District Court was permitted to issue a personal money judgment in that amount for which Biggs and his co-

**2.** Biggs also contends that the District Court erred in failing to make him and his co-defendants jointly and severally liable. As the

judgment expressly states to the contrary, this argument is without merit.

defendants were jointly and severally liable.

Biggs's final challenge to the personal money judgment is directly contradicted by our precedent. In *Vampire Nation*, we held that *"in personam* forfeiture judgments are appropriate under 21 U.S.C. § 853, even where the amount of the judgment exceeds the defendant's available assets at the time of conviction." 451 F.3d at 203. Thus, this argument is unavailing.

Biggs challenges the following aspects of the District Court's Guidelines calculations: (1) the sixteen-level increase based on the net value of the benefit received from the scheme, pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1)(I); and (2) the three-level increase based on Biggs's managerial or supervisory role, pursuant to U.S.S.G. § 3B1.1(b).[3] We review the sentence imposed by a district court for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir.2009) (*en banc*). "[F]acts that are considered at sentencing, as a general matter, must be proved by a preponderance of the evidence." *United States v. Berry*, 553 F.3d 273, 280 (3d Cir.2009) (citation omitted). The two challenged increases in the offense level were based upon facts found by the District Court by a preponderance of the evidence. These factual findings were not clearly erroneous, and the increases did not constitute an abuse of discretion.

### III.

For the foregoing reasons, we affirm the judgment of the District Court.

---

**3.** Biggs further contends that the District Court departed upward from the advisory Guidelines range without prior notice. Contrary to this assertion, the District Court calculated a higher total offense level than that in the Presentence Report ("PSR")—31 instead of 28—and varied downward from the advisory range of 108 to 135 months to sentence Biggs to 84 months' incarceration. Accordingly, this contention is without merit.