RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0297p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 13-5014

*v.*

ERICA LYNN HAMPTON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:11-cr-00005-1—Aleta Arthur Trauger, District Judge.

Decided and Filed: October 21, 2013

Before: KEITH, GUY, and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Michael M. Losavio, Louisville, Kentucky, for Appellant. Debra Teufel Phillips, Sandra Ganus Moses, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

RALPH B. GUY, JR., Circuit Judge. Defendant Erica Lynn Hampton appeals from the forfeiture money judgment entered against her as part of the sentence imposed following her plea-based convictions for wire fraud and access device fraud. Hampton contends that it was plain error for the district court to enter a forfeiture money judgment when, because she had no assets, neither the indictment nor the forfeiture order identified any specific assets, proceeds, or assets purchased with proceeds of the unlawful activity. That is, despite the consensus among the circuits to the contrary,

1

Hampton argues that a forfeiture money judgment may not be entered against *future* assets.  Finding no merit to this claim, we affirm.

**I.**

The 24-count indictment charged Hampton with wire fraud in violation of 18 U.S.C. § 1343 (counts 1-18), access device fraud in violation of 18 U.S.C. § 1029(a)(5) (counts 19-22), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (counts 23-24), in connection with a scheme to defraud and obtain money using fraudulent merchant accounts, ACH payments, and credit card transactions between September 2007 and April 2008.  In addition, the indictment sought criminal forfeiture of the proceeds, and any property obtained directly or indirectly with proceeds, of the wire fraud counts and the access device fraud counts, "including but not limited to a money judgment in the minimum amount[s] of $77,193.01" and "$44,227.43," respectively.  Finally, the government sought forfeiture of substitute property, if the requirements in 21 U.S.C. § 853(p) were met, up to the value of the forfeitable property described above, "including but not limited to a money judgment in the minimum amount of $121,420.44."

The Rule 11 Plea Agreement provided that, with dismissal of the remaining charges, Hampton would plead guilty to one count of wire fraud (count 15) and one count of access device fraud (count 21).  The agreement detailed the factual basis for the offenses of conviction and Hampton's relevant conduct, including a stipulation that her conduct involved intended losses totaling $141,769.77 and estimated actual losses of $77,312.86.  Hampton acknowledged that restitution would be required in the amount of the actual losses, and also agreed to entry of a judgment of forfeiture of approximately $77,312.86 as proceeds of the violations alleged in the counts of conviction.  Finally, in acknowledgment that Hampton had insufficient resources to pay restitution, the parties agreed during the plea hearing to revise the agreement to provide that any assets located through forfeiture would be applied to the victims and the forfeiture reduced accordingly.  After determining that the plea was knowing and voluntary, the district court reserved its acceptance until sentencing.

Shortly after the plea hearing, the government filed its "Motion for Order of Forfeiture Consisting of a $77,312.86 United States Currency Money Judgment." In no uncertain terms, the motion, memorandum in support, and proposed order sought a personal money judgment forfeiture against Hampton as part of her sentence. The government recounted the forfeiture allegations made in the indictment, urged the court to find that the requisite nexus to the offenses had been established by the stipulations in the plea agreement, and averred that the requirements of 21 U.S.C. § 853(p) had been satisfied such that it could move to amend the order at any time to seek forfeiture of substitute property to satisfy the money judgment. Hampton did not file a response or otherwise object to the proposed order of forfeiture.

The presentence report, which was accepted without objection, acknowledged the stipulation that $77,312.86 was subject to forfeiture as proceeds of the offenses of conviction but clarified that the amount of actual loss had turned out to be $69,540.01. On that basis, defense counsel requested at sentencing that the amounts of both the restitution and the forfeiture judgment be reduced to $69,540.01. Agreeing, the district court directed the government to refile its motion for forfeiture money judgment to reflect the corrected amount; ordered mandatory restitution in the corrected amount; and imposed concurrent (below-Guidelines) sentences of 18 months of imprisonment to be followed by two years of supervised release. A judgment of sentence was entered accordingly, along with the "Order of Forfeiture Consisting of $69,540.01 United States Currency Money Judgment." This appeal followed.[1]

## II.

Confining her appeal to the claim that the district court was without authority to enter a forfeiture money judgment against a defendant who had no assets at the time of sentencing, Hampton argues that our review is for plain error notwithstanding the waiver of certain appeal rights in her plea agreement. Hampton does not dispute that her plea

---

[1]The forfeiture order also provided that because no specific assets derived from the proceeds had been identified upon the exercise of due diligence, the requirements for forfeiture of substitute assets under 21 U.S.C. § 853(p) had been established and the government could move to amend the order of forfeiture at any time to substitute property having value not to exceed $69,540.01 under Fed. R. Crim. P. 32.2(e).

was knowing, voluntary, and intelligent, *see United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001), but contends that the plea waiver does not bar this appeal.

Specifically, Hampton argues that the express waiver of her right to appeal "any sentence within or below the guidelines range" should not bar review of the claim that the court exceeded its authority in entering the forfeiture money judgment against future assets. *See United States v. Freeman*, 640 F.3d 180, 193-94 (6th Cir. 2011) (allowing review of claim that restitution was without basis in law). Hampton also contends that the waiver language did not unambiguously encompass a challenge to the entry of the forfeiture money judgment as part of her sentence. *See United States v. Caruthers*, 458 F.3d 459, 470-71 (6th Cir. 2006) (finding waiver unambiguously encompassed appeal from sentencing enhancement); *but see United States v. Droganes*, _ F.3d _ , 2013 WL 4516090, at *3-4 (6th Cir. Aug. 27, 2013) (finding at least ambiguous whether "any sentence" language extended to a forfeiture order). Since appeal waivers are not jurisdictional and the government does not rely on Hampton's express waiver of appellate rights, and as we find that the appeal otherwise fails on the merits, we decline to decide the scope of the appeal waiver in this case. *See Caruthers*, 458 F.3d at 472 n.6; *Jones v. United States*, 689 F.3d 621, 624 n.1 (6th Cir. 2012).

We review the interpretation of federal forfeiture laws *de novo*. *See United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010). However, as Hampton concedes, because she failed to object to entry of the forfeiture money judgment on any grounds, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 732-36 (1993). Plain error requires that the defendant show error that is plain and that "affects substantial rights" and, if shown, also that the "error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 462 (1997).

**III.**

Criminal forfeiture is part of a defendant's sentence, to be imposed as provided by statute. *United States v. Hall*, 411 F.3d 651, 654 (6th Cir. 2005) (citing *Libretti v. United States*, 516 U.S. 29, 49 (1995)). The government may seek criminal forfeiture

for violation of any federal statute "for which the civil or criminal forfeiture of property is authorized." 28 U.S.C. § 2461(c) (as amended in 2006). If the government "include[s] notice of the forfeiture in the indictment or information," and "the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case" and in accordance with the procedures set forth in 21 U.S.C. 853. *Id. See also* FED. R. CRIM. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.").

Hampton's bald assertion that she received inadequate notice of the forfeiture because the indictment did not—or for that matter could not—identify any specific property subject to forfeiture is without merit. In fact, the current court rule specifically provides that: "The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." FED. R. CRIM. P. 32.2(a); *see also United States v. Amend*, 791 F.2d 1120, 1125 (4th Cir. 1986) (explaining that indictment need not describe each item subject to forfeiture under former Fed. R. Crim. P. 7(c)(2)); *United States v. DeFries*, 129 F.3d 1293, 1315 n.17 (D.C. Cir. 1997) (same).

The indictment in this case provided adequate notice of the government's intention to seek criminal forfeiture, including a forfeiture money judgment, of any property constituting or derived from the proceeds of the wire fraud and/or access device fraud, and of any substitute property if the necessary conditions were met, pursuant to the applicable statutes. *Accord United States v. Kalish*, 626 F.3d 165, 169 (2d Cir. 2010) (finding indictment seeking forfeiture of "United States currency representing the amount of proceeds obtained as a result of the charged fraud" provided adequate notice that a money judgment would be sought); *United States v. Plaskett*, 355 F. App'x 639, 644 (3d Cir. 2009) (same).

Hampton's principal claim on appeal—that a personal money judgment forfeiture may not be entered against a defendant who has no assets at the time of sentencing—has

been specifically rejected by a unanimous and growing consensus among the circuits. *See, e.g.*, *United States v. Smith*, 656 F.3d 821, 827 (8th Cir. 2011) ("At least five circuits have held that § 853 permits imposition of a money judgment on a defendant who has no assets at the time of sentencing.") (citing *United States v. Awad*, 598 F.2d 76, 78 (2d Cir. 2010) (per curiam); *United States v. Vampire Nation*, 451 F.3d 189, 201-02 (3d Cir. 2006); *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000)); *see also United States v. Kalish*, 626 F.3d 165, 168-69 (2d Cir. 2010) (extending *Awad*); *United States v. Newman*, 659 F.3d 1235, 1242-43 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1817 (2012) (applying *Casey* to forfeiture of proceeds under § 2461(c)).[2]

Hampton pleaded guilty to obtaining money by wire fraud and access device fraud, agreed to entry of a forfeiture judgment, and stipulated that the money she obtained by the fraud was forfeitable as proceeds of the fraud. Criminal forfeiture arising from the conviction for access device fraud is expressly provided for by 18 U.S.C. § 982(a)(2)(B), which states that, in imposing sentence, the court "shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation."[3] Forfeiture arising from conviction for general wire fraud is authorized by § 2461(c)'s incorporation of the provision authorizing civil forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to [a] violation" identified in 18 U.S.C. § 981(a)(1)(C). *See* 28 U.S.C. § 2461(c).[4]

---

[2]No attempt is made to argue that the forfeiture money judgment violates the Excessive Fines Clause of the Eighth Amendment. *See United States v. Bajakajian*, 524 U.S. 321, 337 (1998).

[3]Although no such property was at issue, as the indictment alleged, the criminal penalties for access device fraud include forfeiture of "any personal property used or intended to be used to commit the offense." 18 U.S.C. § 1029(c)(1)(C).

[4]18 U.S.C. § 981(a)(1)(C), authorizes civil forfeiture of the proceeds of "any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." In turn, 18 U.S.C. § 1956(c)(7) references the offenses identified in 18 U.S.C. § 1961(1), which includes wire fraud in violation of 18 U.S.C. § 1343 (without limitation to fraud affecting a financial institution). *Cf.* 18 U.S.C. § 982(a)(2)(A) (criminal forfeiture upon conviction of wire fraud affecting a financial institution).

There can be no doubt that since § 982(a) and § 2461(c) state that the court "shall" order criminal forfeiture, Congress intended that criminal forfeiture under those provisions be mandatory.  *See United States v. Monsanto*, 491 U.S. 600, 607 (1989) (interpreting 21 U.S.C. § 853) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied, or broader words to define the scope of what was to be forfeited.").  Although the forfeiture statutes at issue, including the procedures incorporated from 21 U.S.C. § 853, do not expressly authorize personal money judgments as a form of forfeiture, nothing suggests that money judgments are forbidden.  *Accord, e.g.*, *United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010) ("our sister circuits have uniformly recognized that money judgments representing the unlawful proceeds are appropriate") (citing cases); *United States v. Day*, 524 F.3d 1361, 1377-78 (D.C. Cir. 2008) (holding that money judgments are appropriate in the criminal forfeiture context); *United States v. Abdelsalam*, 311 F. App'x 832, 847 (6th Cir. 2009) (stating that in personam money judgment is authorized by criminal forfeiture statute).  In fact, the court rule distinguishes forfeiture of specific assets from a forfeiture money judgment.  FED. R. CRIM. P. 32.2(b)(1)(A) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.").

Moreover, as other circuits addressing this issue have recognized, the amount of the forfeiture is measured by the amount of the proceeds received by a defendant—not the amount of assets a defendant retains at the time of sentencing.  *See, e.g.*, *Casey*, 444 F.3d at 1076-77; *Vampire Nation*, 451 F.3d at 201-02; *Awad*, 598 F.3d at 78-79; *McGinty*, 610 F.3d at 1246-47.  In one of the leading cases, the First Circuit explained that there are two primary reasons to permit money judgment as part of a forfeiture order:

> First, criminal forfeiture is a sanction against the individual defendant rather than a judgment against the property itself.  Because the sanction "follows the defendant as part of the penalty," the government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction.  Second, permitting a money

judgment, as part of a forfeiture order, prevents a [defendant] from ridding himself of his ill-gotten gains to avoid the forfeiture sanction.

*Hall*, 434 F.3d at 59 (internal citations omitted). "Congress sought to punish equally the thief who carefully saves his stolen loot and the thief who spends the loot on 'wine, women, and song.'" *Newman*, 659 F.3d at 1243 (citation omitted) (holding government may seek a forfeiture money judgment of the proceeds of the criminal activity without regard for whether the amount exceeds a defendant's assets at the time of sentencing).

Accordingly, we join the consensus view and hold that entry of the forfeiture money judgment was authorized even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at the time of sentencing. Hampton has not demonstrated error, plain or otherwise.

**AFFIRMED.**