NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0131n.06

Case No. 15-6359

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 28, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| KENNETH KIMBALL, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE: GIBBONS, ROGERS, and McKEAGUE, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant Kenneth Kimball was convicted of numerous money-laundering and drug-trafficking offenses. He was sentenced to serve two consecutive life sentences plus fifteen years and ordered to forfeit $15,000,000 for the money-laundering charges and another $15,000,000 for the drug-trafficking charges. In 2015, the government moved to have the contents of Kimball's prison-inmate trust account forfeited to satisfy the still-outstanding money judgments. The district court ordered forfeiture, and Kimball now appeals.

For the reasons that follow, we affirm the district court's order of forfeiture.

I.

In 1999, Kenneth Kimball began operating a drug-trafficking operation out of his various automotive businesses. The operation sold cocaine and laundered the proceeds through

Kimball's business transactions. Kimball was indicted for drug trafficking, money laundering, and solicitation of murder, based on his involvement in the operation.

Prior to Kimball's trial, the government filed several bills of particulars as to Kimball, naming Kimball's various assets, including real and personal property, of which it sought forfeiture. Kimball and the government entered into a temporary restraining order ("TRO") that allowed Kimball's businesses to be run prior to and during trial but also set conditions under which business transactions could occur. The third superseding indictment ("Indictment"), upon which Kimball was tried and convicted, gave notice that pursuant to 21 U.S.C. § 853(p), substitute assets would be sought for forfeiture if the proceeds of the drug-trafficking and money-laundering offenses could not be located upon conviction. Among these substitute assets were the items listed in the bills of particulars and the assets described in the TRO.

In January 2004, Kimball was convicted of the drug-trafficking, money-laundering, and solicitation-to-commit-murder charges after a three-week jury trial. The court ordered forfeiture of $30,000,000—$15,000,000 for drug trafficking and $15,000,000 for money laundering—and a money judgment was entered against Kimball for that amount. Kimball was sentenced to two life terms plus fifteen years, which he is currently serving. After Kimball's sentencing, the district court entered a final order of forfeiture against Kimball, which contained the two $15,000,000 judgments, and ordered, with a few exceptions, the forfeiture of the property listed in the bill of particulars as substitute assets.

Kimball appealed his conviction and sentence, challenging multiple evidentiary rulings and arguing that the court imposed a sentence unsupported by the facts and not in accordance with *Booker*. *United States v. Kimball*, 194 F. App'x 373, 376–78 (6th Cir. 2006). Kimball did not allege, however, that the money judgments entered against him or that the forfeiture of

2

substitute assets on appeal were invalid based on the TRO, as he does here. *Id.* at 375–78. The court rejected the majority of his arguments but vacated his sentence and remanded for resentencing in light of *Booker*. The district court applied *Booker* on remand but ultimately imposed an identical sentence—the consecutive life sentences plus fifteen years, as well as the two money judgments for $15,000,000 each. Kimball filed another direct appeal, this time challenging the reasonableness of his sentence, which the court rejected. *United States v. Parker*, 341 F. App'x 122, 123–25 (6th Cir. 2009). Again, Kimball raised no arguments on appeal regarding forfeiture. *See id.*

Kimball subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising ineffective-assistance-of-counsel and prosecutorial-misconduct claims. *Kimball v. United States*, No. 3:10-0730, 2012 WL 5865245 (M.D. Tenn. Nov. 19, 2012). The district court rejected Kimball's claims and denied him a certificate of appealability. This court also denied Kimball's petition for a writ of mandamus, which alleged judicial misconduct by the district court judge. *See In re Kenneth B. Kimball*, Case No. 14-5288 (6th Cir. May 29, 2014).

On March 6, 2015, pursuant to 21 U.S.C. § 853(p), the government moved the district court for a preliminary order of forfeiture of substitute assets in relation to Kimball's drug-trafficking money judgment. The motion specifically named the contents of Kimball's prison-inmate trust account, approximately $12,663.51. The remaining balance on the drug-trafficking judgment at that time was $13,824,371.55. The district court adopted the magistrate judge's report and recommendation, and on October 20, 2015, it entered a preliminary order against Kimball ordering the forfeiture of his inmate-trust account. The court reasoned that because neither money judgment against Kimball had been satisfied and because his "acts or omissions [resulted in] the proceeds of the drug trafficking offense no longer [being] available for

forfeiture," forfeiture of the trust account was appropriate. On November 12, 2015, the district court denied Kimball's motion to reconsider entry of the preliminary order, and Kimball now appeals.

## II.

In matters relating to criminal forfeiture, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *United States v. Smith*, 749 F.3d 465, 488 (6th Cir. 2014).

## A.

Criminal forfeiture is a part of a defendant's sentence, and the government may pursue forfeiture as long as the defendant had notice of the government's intent to seek forfeiture of that property. *United States v. Hampton*, 732 F.3d 687, 690 (6th Cir. 2013); *see also Libretti v. United States*, 516 U.S. 29, 38–39 (1995); Fed. R. Crim. P. 32.2. Under Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(p), Kimball received proper notice of the government's intent to forfeit his property in connection with his drug-trafficking offenses through the pre-trial bills of particulars and the indictment. *See Hampton*, 732 F.3d at 690–91.

Kimball's primary argument on appeal, however, is that the preliminary order of forfeiture was improper because no money judgment was ever entered against him. His argument has no basis in fact, and it can easily be dismissed on multiple grounds. The record clearly indicates two money judgments were entered against Kimball. Entry of these judgments was proper. *See id.* Kimball's argument that the entry of the pre-trial TRO prevented the entry of the money judgments against him at the sentencing phase is incorrect—he misunderstands the nature of the TRO and cites precedent not binding on this court. The TRO operated to prevent Kimball's assets from being diminished prior to any judgment against him and to provide

guidelines for conducting Kimball's businesses without further engaging in drug trafficking or money laundering. At the close of trial, Kimball was sentenced to imprisonment *and* was ordered to forfeit the money relating to the drug-trafficking and money-laundering charges, but the order acknowledged that substitute property could be forfeited should the proceeds of the crimes be unavailable. The TRO and the final orders of forfeiture are therefore not inconsistent.

Further, to the extent that Kimball is challenging the validity of the money judgments entered against him, he waived this claim by not raising it in his previous appeals. *See United States v. Mullet*, 822 F.3d 842, 847 (6th Cir. 2016) ("In [a] criminal case . . . , we have declined to allow a criminal defendant who fails to challenge part of a conviction in an earlier appeal to raise it in a later appeal."). Kimball has had numerous opportunities to appeal his conviction and sentencing. He brought a direct appeal of his conviction and sentence, which resulted in remand and resentencing. He brought another direct appeal challenging the reasonableness of his sentence, which was unsuccessful. He then filed an unsuccessful § 2255 petition and an unsuccessful petition for a writ of mandamus. Kimball's claims regarding the facial validity of the money judgments, based on the existence of the TRO, could have been raised at any of these various junctures. They were not raised and are therefore waived.

But, even if Kimball's argument as to the validity of the money judgments had not been waived, it provides no grounds for relief. His argument that the forfeiture of the assets listed in the bills of particulars and TRO represented a complete satisfaction of any criminal forfeiture he owed the government is incorrect. The drug-trafficking and money-laundering judgments, totaling $30,000,000, stated that any property of Kimball's, real or personal, could be used towards satisfying the judgments—and that is exactly what the government did. The government gave proper notice of its intent to forfeit those assets as substitute assets with the bills of

5

particulars and the indictment, and then it did just that pursuant to the judgment entered post-trial. The seizure of some of Kimball's assets did not amount to a total satisfaction of the judgments against him. Millions of dollars are still owed on the drug-trafficking and money-laundering judgments, and Kimball made no objection to the facial validity of these judgments on either direct appeal. *See, e.g.*, *Kimball*, 194 F. App'x at 376; *Parker*, 341 F. App'x at 124–25.

Also meritless is Kimball's argument that he was denied due process when the government seized his property prior to his 2004 conviction. The government obtained an agreed-upon TRO to *temporarily* prevent dissipation of Kimball's assets prior to and during his trial. This pre-trial restraint did not violate due process, nor did it violate due process when the government subsequently seized those assets upon Kimball's conviction for drug trafficking and money laundering pursuant to a criminal-forfeiture judgment. Kimball was given ample notice through the bills of particulars, TRO, and indictment, *see Hampton*, 732 F.3d at 690–91, and was given a fair trial in which he could contest the charges. He cannot re-litigate these issues now in what is a narrow, ancillary appeal in this case.

B.

Kimball also challenges the district court's preliminary order of forfeiture on the grounds that the government violated his privacy and due process rights when they gained knowledge of the contents of his inmate-trust account. As a result, he argues, the government is barred from obtaining the contents of that account.

Fed. R. Crim. P. 32.2(e), regarding criminal forfeiture, states that "[o]n the government's motion, the court may at any time enter an order of forfeiture . . . to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." Pursuant to federal privacy laws,

> [n]o agency shall disclose any record which is contained in a system of records by any means of communication to . . . another agency, [without the consent of] the individual to whom the record pertains, unless disclosure of the record would be . . . to an instrumentality of any governmental jurisdiction . . . under the control of the United States for a . . . criminal law enforcement activity if the activity is authorized by law [and] the agency or instrumentality has made a written request

stating the particular record sought and the purpose for seeking it. *See* 5 U.S.C. § 552a(b)(7).

Upon entry into the prison system, inmates sign paperwork that authorizes the prison to administer their inmate-trust account and authorizes the Director of the Bureau of Prisons (or his agents) to serve as custodian of any and all funds received by an inmate during incarceration. In fact, the Federal Bureau of Prison's Program Statement clearly indicates that "[e]ncumbrance of inmate funds for various reasons is essential . . . . An encumbrance may be made for . . . claims. Encumbrances are at the Warden's discretion . . . ." It also notes that funds may be withdrawn from an inmate's account "[t]o comply with Federal court orders," without that inmate's consent.

The government's motion and the court's subsequent entry of an order of forfeiture of Kimball's inmate-trust account therefore did not violate his privacy or due process rights. Kimball was afforded sufficient notice and judicial process—the government moved the district court for issuance of the order, and Kimball was apprised of the proceedings and permitted to argue against the motion, which he did. The government complied with Fed. R. Crim. P. 32.2 and moved for entry of forfeiture to satisfy the existing money judgments pursuant to 21 U.S.C. § 853(p). Because the outstanding money judgments against Kimball specifically stated that substitute assets could be used to satisfy the judgment, and because the government's seizure of his trust account was consistent with due process and Federal Bureau of Prison's policy, the order of forfeiture was not in error.

III.

For the reasons stated above, we affirm the judgment of the district court.