NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0340n.06

No. 24-3750

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 11, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| DA SHAWN MARTIN, | ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: CLAY, THAPAR, and READLER, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Da Shawn Martin was sentenced to forty months in prison and three years of supervised release after pleading guilty to one count each of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm after a misdemeanor domestic violence conviction, in violation of 18 U.S.C. § 922(g)(9). Before pleading guilty, Martin unsuccessfully moved to dismiss the charges. Martin argues that the district court erred in denying his motion to dismiss. We disagree and, for the reasons set forth below, **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

### A.  Factual Background

Martin was convicted of various offenses in Ohio state courts prior to his convictions under review in this appeal, including convictions in 2012 for burglary; 2016 for possession of drug paraphernalia; 2018 for assault; 2021 for domestic violence and improperly handling a firearm; and 2022 for criminal mischief. As relevant with respect to this appeal, Martin's convictions for

burglary and improperly handling a firearm were individually punishable by terms of imprisonment exceeding one year. In addition, Martin's domestic violence conviction satisfies the definition for "misdemeanor crime of domestic violence" found in 18 U.S.C. § 921(a)(33)(A). As a result of these convictions, Martin was prohibited by federal law from possessing firearms when he was arrested on December 10, 2022.

The arrest occurred after local law enforcement officers responded to a call from Martin's then-girlfriend, who reported that Martin had threatened to shoot her at her apartment in Columbus, Ohio. When the officers arrived at the apartment complex, they located Martin parked outside in the driver's seat of a car with a pistol containing an attached extended magazine resting on the car's front passenger seat. The firearm magazine contained sixteen rounds of ammunition. Another round of ammunition was in the pistol's chamber. Martin was detained and eventually arrested after the officers learned that Martin was subject to an active protection order from a local court which prohibited him from possessing firearms. He was subsequently charged in the local municipal court for violating a protection order. That charge was dismissed on December 12, 2022.

**B. Procedural History**

Following the dismissal of Martin's charge of having violated the order of protection, he was indicted on August 31, 2023, by a federal grand jury in the Southern District of Ohio for the offenses of unlawful possession of a firearm by a felon and unlawful possession of a firearm by an individual convicted of a misdemeanor crime of domestic violence. Martin moved to dismiss both counts of the indictment on October 25, 2023, arguing that both § 922(g)(1) and § 922(g)(9) are facially unconstitutional and unconstitutional as applied to him. After the filing of the government's opposition to Martin's motion to dismiss and a reply in further support of the motion

from Martin, the district court denied Martin's motion in a written order issued on January 19, 2024. Following the district court's denial of his motion to dismiss, Martin entered into a plea agreement with the government and pleaded guilty to both counts of the indictment. On August 19, 2024, the district court sentenced Martin to concurrent forty-month sentences of imprisonment and three years of supervised release for each count of the indictment.

Martin filed a timely notice of appeal on August 22, 2024.[1]

## II. DISCUSSION

On appeal, Martin does not deny that he possessed the pistol at the time of his December 2022 arrest. Nor does he argue that he is not subject to §§ 922(g)(1) and 922(g)(9)'s criminal prohibitions on firearm possession due to his criminal record. Rather, Martin argues that his unlawful firearm possession convictions should be overturned because (i) § 922(g)(9) is facially unconstitutional and (ii) both §§ 922(g)(1) and 922(g)(9) are unconstitutional as applied to him. We address Martin's arguments in turn.

### A. Standard of Review

This Court reviews facial and as applied challenges to the constitutionality of statutes de novo. *United States v. Risner*, 129 F.4th 361, 364 (6th Cir. 2025).

---

[1] Martin's plea agreement contains an appeal waiver provision which prohibits him from appealing his conviction and sentence unless "the sentence imposed exceeds the statutory maximum" or he raises claims "of ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement, R. 33, Page ID #138. On appeal before this Court, the government expressly declines to enforce this appeal waiver. Because the government may forfeit its right to enforce an appeal waiver, we proceed to the merits of Martin's appeal. *See United States v. Barry*, 647 F. App'x 519, 522 (6th Cir. 2016) ("The government may forfeit its right to assert an appeal waiver . . . by explicitly declining to assert the waiver."); *see also United States v. Hampton*, 732 F.3d 687, 690 (6th Cir. 2013) (declining to determine the scope of an appeal waiver that the government did not seek to enforce).

**B. Analysis**

First enacted in 1968, § 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). Through the addition of § 922(g)(9), "Congress extended the prohibition," *United States v. Hayes*, 555 U.S. 415, 418 (2009), on firearm possession to individuals "who ha[ve] been convicted in any court of a misdemeanor crime of domestic violence," 18 U.S.C. § 922(g)(9). As discussed above, Martin challenged the constitutionality of his indictment under these provisions before the district court on both facial and as applied grounds, and the district court rejected Martin's motion in full. With the exception of his facial challenge to § 922(g)(1), Martin now renews each challenge on appeal.

**Facial Challenge**

To prevail on his facial challenge to § 922(g)(9), Martin must "establish that no set of circumstances exists under which the Act would be valid." *United States v. Rahimi*, 602 U.S. 680, 693 (2024) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). In contrast, the government will prevail if it can show that § 922(g)(9) is constitutional in just one of its applications. *United States v. Gore*, 118 F.4th 808, 811 (6th Cir. 2024) (citing *Rahimi*, 602 U.S. at 693). The district court rejected Martin's initial facial challenge to § 922(g)(9) by relying on this Court's opinion in *Stimmel v. Sessions*, which rejected a similar constitutional challenge to § 922(g)(9). 879 F.3d 198, 212 (6th Cir. 2018). Alternatively, the district court ruled that § 922(g)(9) was valid because it "is consistent with the Nation's history of firearm regulation." Op. & Order, R. 28, Page ID #124. Martin contends that the district court erred in rejecting his

facial challenge to § 922(g)(9) because it relied on this Court's outdated case law and inappropriately conflated the violence associated with § 922(g)(1)'s underlying felony convictions with the misdemeanor convictions relevant to § 922(g)(9). However, unfortunate for Martin, his facial challenge is foreclosed by this Court's precedent.

Martin takes issue with the district court's reliance below on *Stimmel*, but this Court "reconsider[ed]" that precedent just last year in *United States v. Gailes* and reached the same conclusion: "18 U.S.C. § 922(g)(9) is facially constitutional." 118 F.4th 822, 823 (6th Cir. 2024). In *Gailes*, this Court reviewed § 922(g)(9) "with fresh eyes" under the two-step framework outlined by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).[2] *Id.* at 826–28. After undertaking that review, the Court held "that our history and tradition of firearm regulation support § 922(g)(9)." *Id.* at 826–28. Martin's arguments to the contrary do not present any compelling reason to depart from this holding in the instant case. We therefore reject his facial challenge to § 922(g)(9).

## As Applied Challenges

Martin's as applied challenges to §§ 922(g)(1) and 922(g)(9) similarly fail. In initially dismissing these challenges, the district court held that § 922(g)(1) is constitutional as applied to Martin because his felony convictions "demonstrate dangerousness." Op. & Order, R. 28, Page ID #119. The district court similarly rejected Martin's as-applied challenge to § 922(g)(9) because, in its view, Martin failed to demonstrate that his domestic violence conviction fell outside of the

---

[2] Under the now familiar two-step framework for analyzing Second Amendment challenges to firearm regulations, "we consider whether the conduct at issue is part of the relevant 'right . . . to keep and bear arms,' by the plain text of the amendment, and then, at the second, we undertake a historical analysis to identify whether the founders would have accepted such a law.'" *United States v. Underwood*, 129 F.4th 912, 929 (6th Cir. 2025). However, because Martin's argument has already been considered and rejected by this Court, there is no need for us to undertake this analysis in the instant case.

violent conduct for which the Second Amendment permits the government to disarm individuals. *Id.* at Page ID #125. Martin challenges both conclusions. Neither argument is persuasive.

With respect to his as-applied § 922(g)(1) challenge, Martin argues that this Court's decision in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), "conflicts" with the Supreme Court's Second Amendment case law and should therefore be overruled. Appellant's Br., ECF No. 11, 7. In *Williams*, this Court held that § 922(g)(1) "is constitutional on its face and as applied to dangerous people." 113 F.4th at 662–63. While Martin contests the validity of this holding, this "panel may not disturb the ruling of a prior panel absent en banc review" or "an intervening Supreme Court decision [which] gives us the right to revisit this question." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720 (6th Cir. 2016) (citations omitted). No decision from this Court or the Supreme Court undermines our holding in *Williams*. Therefore, the only remaining issue is whether Martin qualifies as a "dangerous" individual to whom § 922(g)(1)'s prohibition on gun possession may lawfully apply. *Williams* made clear that an individual convicted of a crime is considered "'dangerous,' and can thus be disarmed, if he has committed . . . a crime that inherently poses a significant threat of danger, including (but not limited to) . . . burglary." 113 F.4th at 663. Accordingly, because he committed a burglary, Martin is among the class of "dangerous" individuals whom the government may disarm consistent with the Second Amendment. *Id.* We thus reject his as applied challenge to § 922(g)(1).

Our analysis of Martin's as applied challenge to § 922(g)(9) compels the same result. As this Court made clear in *Williams*, individuals may be considered "dangerous" and may therefore be disarmed consistent with the protections of the Second Amendment if they are convicted of "a crime 'against the body of another human being.'" 113 F.4th at 663. The record below establishes that Martin was convicted of domestic violence after pushing and repeatedly punching the mother

of his children.  Martin's domestic violence offense therefore squarely fits *Williams*' definition of "dangerous" because it "demonstrates . . . that he has committed 'violent' crimes 'against the person.'"  *United States v. Morton*, 123 F.4th 492, 500 (6th Cir. 2024); *see also United States v. Odom*, No. 24-5363, 2024 WL 5002655, at *1 (6th Cir. Dec. 6, 2024) (rejecting an as applied challenge to § 922(g)(9) from a defendant who "violently assaulted his girlfriend multiple times").

### III.  CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.