RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0047p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 20-5682

KENNETH B. KIMBALL,

*Defendant-Appellant.*

───────────────

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:02-cr-00053-4—Aleta Arthur Trauger, District Judge.

Decided and Filed: February 25, 2021

Before: SUTTON, COOK, and READLER, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Michael C. Holley, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Nani M. Gilkerson, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

───────────────

**ORDER**

───────────────

PER CURIAM. Kenneth B. Kimball appeals a district court order denying his motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2004, Kimball was convicted by a jury of multiple drug-trafficking, weapons, and money-laundering offenses, as well as soliciting murder, witness tampering, and obstruction of justice. The district court sentenced Kimball to two consecutive terms of life imprisonment plus fifteen years. We affirmed his convictions but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Kimball*, 194 F. App'x 373, 378-79 (6th Cir. 2006). The district court imposed the same sentence on remand, and we affirmed. *United States v. Parker*, 341 F. App'x 122, 123 (6th Cir. 2009). Kimball's attempts at post-conviction relief have been unsuccessful.

In April 2020, Kimball filed a pro se motion for compassionate release based on the COVID-19 pandemic. The district court appointed counsel for Kimball, and counsel filed a supplemental motion on his behalf. In his motion and supplemental brief, Kimball asserted that there were extraordinary and compelling reasons warranting compassionate release because he is at high risk of severe illness or death from COVID-19 based on his age (67 years old) and underlying medical conditions (hypertension, heart problems, high cholesterol, and gout). He further argued that the 18 U.S.C. § 3553(a) factors weighed in favor of release. The government responded in opposition, arguing that Kimball had not demonstrated sufficiently extraordinary and compelling reasons and that, even if he had, his motion should be denied because he is a danger to the community and his release would be inconsistent with the § 3553(a) factors.

The district court denied Kimball's motion, stating that it had considered the applicable § 3553(a) factors and policy statements and conducted a "complete review" of the merits.

The compassionate release statute allows the district court to reduce a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction; that a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Ruffin*, 978 F.3d 1000, 1004-05 (6th Cir. 2020). But where an inmate files the motion for compassionate release, "district courts need not consider" the policy statement in § 1B1.13 of the Sentencing Guidelines. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). We review a district court's denial of a compassionate-release motion for an abuse of discretion. *See Ruffin*, 978 F.3d at 1005.

On appeal, both parties assume that the district court denied Kimball's motion based on its weighing of the § 3553(a) factors. Kimball has also filed a supplemental citation to this court's recent decision in *United States v. Hampton*, 985 F.3d 530 (6th Cir. 2021), arguing that it is possible that the district court impermissibly relied on the now-inapplicable policy statements when denying his motion.

The § 3553(a) factors include, among others, "the nature and circumstances of the offense"; the defendant's "history and characteristics"; the need for the sentence "to promote respect for the law," to "provide just punishment for the offense," to "afford adequate deterrence," and to "protect the public"; and the kinds of sentences available. 18 U.S.C. § 3553(a)(1)-(3). Kimball argues that the time he has already served—approximately seventeen years—is sufficient to serve those goals because his offense did not involve any "actual violence" and he is statistically unlikely to reoffend based on his age. But Kimball's attempt to minimize the gravity of his conduct is not persuasive. As we noted when we affirmed his effective life sentence, he was the "undisputed kingpin and mastermind" of a "massive cocaine-trafficking conspiracy." *Parker*, 341 F. App'x at 124-25. At Kimball's resentencing, the district court acknowledged the mitigating factors he cited, including his age and the support he provided to his family, but explained that they were outweighed by the seriousness of his offenses, "which included leading an enormous drug-trafficking operation and attempting to kill witnesses," and by the "breathtaking" scope and duration of his criminal activity. *Id.* at 125. Based on this record, the district court could reasonably have determined that releasing Kimball now would not serve the statutory sentencing goals. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (noting that the amount of time served is relevant to several § 3553(a) factors, including the need to reflect the seriousness of the offense, provide just punishment, and promote respect for the law).

Finally, Kimball's argument that the district court may have relied on an impermissible reason when denying his motion lacks merit. Unlike the order in *Hampton*, *see* 985 F.3d at 531, the district court's order here noted that its decision rested at least in part on the § 3553(a) factors. "We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *Ruffin*,

978 F.3d at 1008.  So even if Kimball is correct that the district court "mistakenly limited itself to the commentary's list of extraordinary and compelling reasons, that legal conclusion would not entitle him to a reversal," *id.*, given, as the district court acknowledged, its separate "consider[ation of] the applicable factors set forth in 18 U.S.C. §3553(a)."

For these reasons, we **AFFIRM** the district court's order denying Kimball's motion for compassionate release.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk