NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0253n.06

No. 20-1990

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| ERIK E. THOMPSON, | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

**FILED**
May 25, 2021
DEBORAH S. HUNT, Clerk

Before: KETHLEDGE, STRANCH, and NALBANDIAN, Circuit Judges.

PER CURIAM. Erik E. Thompson appeals the district court's denial of his motion for compassionate release. We reject his arguments and affirm.

In 2013, Thompson pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 180 months' imprisonment. In June 2020, he moved for compassionate release under the First Step Act, alleging that he suffers from asthma that, during the current pandemic, amounts to an "extraordinary and compelling reason" for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). Thompson also asserted that he had rehabilitated himself while in custody and would no longer pose a danger to the community if released.

In response, the government submitted 351 pages of medical records, asserting that Thompson suffered from only mild asthma that would not increase his risk of complications from COVID-19. The government also recited the steps that the Bureau of Prisons had taken to protect

inmates from the pandemic. And the government argued that relief would be inappropriate for an otherwise healthy 34-year-old like Thompson, whose sole underlying medical condition was well-controlled and whose lengthy history of violent offenses made him a danger to the community.

The district court agreed with the government and denied Thompson's motion for compassionate release, finding an absence of extraordinary and compelling reasons for release and that the 18 U.S.C. § 3553(a) factors weighed against it. The district court did not hold a hearing. It used a one-page form order to deny Thompson's motion.[1]

Thompson timely filed a notice of appeal on October 8, 2020. Twelve days later (and nearly a month after its form order), on October 20, 2020, the district court filed a five-page document titled "OPINION SETTING FORTH THE REASONS FOR DENYING DEFENDANT ERIK E. THOMPSON['S] MOTION FOR COMPASSIONATE RELEASE." The document stated that "[t]he Court is entering this Opinion to set forth its findings and analysis in support of" the form order. The district court assumed that its discretion to consider extraordinary and compelling reasons justifying release was circumscribed by the listing in USSG § 1B1.13, deciding that "[a] reduction in sentence would not have been consistent with the policy statements issued by the Sentencing Commission." The district court then discussed Thompson and the government's arguments about whether the § 3553(a) factors weighed in favor of release, concluding that they did not.

---

[1] The form stated "[u]pon motion of Defendant (Dkts. 71, 72) for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED THAT the motion is . . . ." It then listed four check boxes labeled: (1) "GRANTED," (2) "DEFERRED pending supplemental briefing . . . .," (3) "DENIED after complete review of the motion on the merits," and (4) "DENIED WITHOUT PREJUDICE because Defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of Defendant's request by the warden of Defendant's facility." The district court checked box (3).

As a threshold matter, we first address the district court's post-appeal opinion. As we recently held, when considering a very similar procedural posture, district courts are without jurisdiction to file this sort of opinion after a party files a notice of appeal. *United States v. Harvey*, No. 20-1944, --- F.3d ----, 2021 WL 1661503, at *2 (6th Cir. Apr. 28, 2021). Thus, we do not consider the opinion here. The fact that the parties do not explicitly take issue with the district court's jurisdiction to enter the post-appeal opinion is of little import. *See generally Dann v. Studebaker-Packard Corp.*, 288 F.2d 201, 205 (6th Cir. 1961) ("[I]t is axiomatic that an appellate court [is] not designed to perform the functions of a trial court having original jurisdiction and it must, of necessity, limit its consideration of the questions involved to the record on appeal.").

So, on the record properly before us, we review the district court's denial of Thompson's motion for compassionate release for an abuse of discretion. *See United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). A court abuses its discretion when, among other things, it relies on clearly erroneous findings of fact or engages in a substantively unreasonable balancing of the § 3553(a) factors. *See id.* at 1112–14. And a district court may deny a motion for compassionate release if it reasonably determines that the § 3553(a) factors weigh against relief. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

In *United States v. Kimball*, 988 F.3d 945 (6th Cir. 2021) (per curiam), we discussed an order denying compassionate release of nearly identical wording and brevity. We identified certain facts from our decision on Kimball's direct appeal and statements the district court made at his resentencing, such as that "he was the 'undisputed kingpin and mastermind' of a 'massive cocaine-trafficking conspiracy'" who had "attempt[ed] to kill witnesses." *Id.* at 947. "Based on this record," we stated, "the district court could reasonably have determined that releasing Kimball now would not serve the statutory sentencing goals." *Id.*

This case is similar in certain meaningful ways to *Kimball*. The form order at issue here resembles the order analyzed in *Kimball*. And like in *Kimball*, there exist some facts in the record that could have provided a reasonable basis for the district court's ultimate decision to deny Thompson's motion. Thompson completed over 550 hours of vocational culinary training and worked as a GED tutor to help other incarcerated people—genuinely commendable rehabilitation efforts. But Thompson had prior convictions for home invasion and for assault with intent to commit great bodily harm, committed his crack-distribution offense while on probation for the home-invasion one, and a state prosecutor had asserted that he had participated in a fatal shootout shortly before his current sentence. Like in *Kimball*, "[b]ased on this record, the district court could reasonably have determined that [granting Thompson relief] would not serve the statutory sentencing goals." *Id.* In other words, we cannot confidently say on this record that the district court "relie[d] on clearly erroneous findings of fact, applie[d] the law improperly, or use[d] an erroneous legal standard" when weighing the § 3553(a) factors. *Jones*, 980 F.3d at 1112 (quoting *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010)).

The district court's order is affirmed.